3139.   GELDERS *v.* KENNEDY *et al.,* executors, for use, etc.

The legal title to a promissory note was in one person, but the equitable title was in another, who in fact physically held it. The maker of the note was aware of the relationship existing between the person to whom the note was payable on its face and the person who held it. The note called for attorney's fees. The person who thus held it gave statutory notice in the usual form that suit would be brought on the note, and that attorney's fees would be claimed if the debt were not paid before the return day of the court. The suit was instituted in the name of him who held the equitable title only; but, pursuant to a ruling of the court invoked by a demurrer of the defendant, the plaintiff amended the action, so that it should proceed in the name of the holder of the legal title, for the use and benefit of him (the holder of the equitable title, the real prosecutor of the action). *Held,* that the notice as to attorney's fees was adequate to charge the defendant with liability therefor, notwithstanding the amendment.

DECIDED JUNE 7, 1911.

Complaint; from city court of Fitzgerald—Judge Wall. December 25, 1910.

*Joseph B. Wall,* for plaintiff in error.

*L. Kennedy, Otis H. Elkins,* contra.

POWELL, J.   Gelders had executed a note payable "to the order of E. W. Ryman, executor of C. L. Blystone's estate." Ryman died, and L. Kennedy succeeded to the executorship on the estate of Blystone, and brought suit upon the note. The case came to this court, and it is reported sub nom. *Kennedy v. Gelders, 7 Ga. App.* 241 (66 S. E 620). It was held in that case that the note was apparently payable to Ryman individually, and that the executor on his estate, and not his successor in the office of executor of the estate of Blystone, was the proper plaintiff, but that, since

it was alleged that the consideration of the note was money belonging to the estate of Blystone and loaned to the defendant by Ryman as executor, an amendment would be allowable, substituting the name of Ryman's executor, suing for the use of Blystone's executor as plaintiff. Upon the remittitur from this court being filed in the trial court, an amendment of this nature was made, and the case proceeded to trial in this form. The note called for attorney's fees. The notice required by our statute for the fixing of the liability for attorney's fees was given to the defendant in the name of L. Kennedy, as executor of the estate of Blystone, and was signed by his attorneys. The court, in directing the verdict in the case, directed a finding for attorney's fees, as well as for principal and interest, and the point now made is that, since the suit was finally converted by the amendment from a suit on the part of L. Kennedy as executor of the estate of C. L. Blystone to a suit of L. Kennedy and Lula B. Ryman, as executors of the estate of E. W. Ryman, for the use and benefit of L. Kennedy as executor of the estate of C. L. Blystone, the notice was inadequate to charge the defendant with liability for attorney's fees.

Statutory notice for the purpose of fixing liability for attorney's fees should disclose who is holder of the note, and who it is that intends to bring suit, and to whom the payment should be made: and if notice is so worded as to mislead or as to be likely to mislead the defendant in material respects as to these features, it is inadequate. *Baskins* v. *Bank of Valdosta,* 5 *Ga. App.* 600 (63 S. E. 648) ; *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896). In the present case the notice did disclose who was the holder of the note, so far as the physical holding and equitable title were concerned, and it was given in the name of the person who actually did institute the action. It is true that it afterwards became necessary, in order to comply with a rule of pleading, that an amendment should be made, substituting the name of the holder of the legal title of the note as nominal plaintiff; but this same person who had originally instituted the suit was retained as the usee. It further appears that the maker of the note knew and understood the manner in which the note was held, and had recognized the usee as the owner of the note, by making payments thereon to him. Under these circumstances, we think that the statute was sufficiently complied with.

There is a motion to assess damages for delay; but we think that this question was sufficiently doubtful, in view of the rulings made on the particular facts of the case just stated, to justify the plaintiff in error in bringing the case to this court; so the motion to assess damages for delay is denied.

*Judgment affirmed.*