## NEAL BANK *v.* BRUCE.

BECK, J. 1. Where a petition for the foreclosure of a mortgage was brought in the name of the holder of the mortgage, there being upon the back of the mortgage an indorsement making the instrument payable to a named party, which indorsement purported to be signed by the mortgagee, followed by an indorsement in blank which purported to be that of the transferee under the first indorsement, the defendant in his plea having denied both the genuineness and the legality of the indorsements and transfers set forth, it was competent for the plaintiff to amend the petition so as to substitute therein the name of the mortgagee as suing for the use of the original plaintiff, the holder of the instrument sought to be foreclosed; and the court erred in refusing to allow an amendment to that effect upon its being offered by the plaintiff.

2. The court having erroneously refused to allow the amendment referred to above, the subsequent proceedings on the trial of the case were nugatory.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 11, 1912.

Foreclosure of mortgage. Before Judge Whipple. Wilcox superior court. October 17, 1910.

A petition for the foreclosure of a mortgage on realty was brought against the mortgagor in the name of the Neal Bank, there being upon the back of the mortgage the following indorsements:

"Pay to the order of Dreger & Doughty Mgrs. Sept. 3rd, 1904. L. M. Bruce." "Dreger & Doughty Mgrs." L. M. Bruce was the mortgagee. To which petition for foreclosure the defendant filed the following plea: "Defendant denies both the genuineness and legality of the indorsements and transfers set forth in the third paragraph of said petition." See Bruce v. Neal Bank, 134 Ga. 364 (67 S. E. 819). Upon the last trial of the case the plaintiff offered the following amendment to the declaration: "Now comes the plaintiff in the above-styled case, and, by leave of the court first had and obtained, amends the declaration in said case filed as follows, to wit: The defendant in said case having denied in the pleadings therein the legality of the transfer on said mortgage from L. M. Bruce to Dreger & Doughty Mgrs., and the transfer by Dreger & Doughty, which transfers are on the back of the mortgage as follows: 'Pay to the order of Dreger & Doughty Mgrs. Sept. 3rd, 1904.' 'Dreger & Doughty Mgrs.' Therefore the plaintiff aforesaid amends the declaration in said case so as to substitute in said declaration, wherever the name of said plaintiff, the Neal Bank, appears as plaintiff, the name of L. M. Bruce for the use of the Neal Bank, so that the suit shall proceed not in the name of the Neal Bank as plaintiff but in the name of L. M. Bruce suing for the use of the Neal Bank." And in connection with said amendment the plaintiff offered to indemnify L. M. Bruce against any costs in the case, in such way as the court might direct. Upon objection of the defendant the court refused to allow the amendment; which ruling was assigned as error.

*Hal Lawson*, for plaintiff.   *Max Isaac*, for defendant.