BRUCE v. BRUCE, for use, etc.

LUMPKIN, J. In this case the suit was originally brought by one as the holder of a mortgage on real estate, to foreclose it, the plaintiff alleging that it was a transferee of the note and mortgage given to secure it. The defendant filed a plea on oath denying the "genuineness and the legality of the indorsements." It was held, that, when no evidence was introduced to prove the execution of the indorsements relied on to show the transfer, it was erroneous, over objection, to admit the note and mortgage in evidence and to direct a verdict for the plaintiff. *Bruce v. Neal Bank,* 134 *Ga.* 364 (67 S. E. 819). Subsequently it was held, that, under the allegations in the pleadings, it was competent for the plaintiff to amend the petition so as to substitute therein the name of the mortgagee as proceeding for the use of the original plaintiff, the holder of the instrument sought to be foreclosed; and that the court erred in refusing to allow an amendment to that effect. *Neal Bank* v. *Bruce,* 137 *Ga.* 361 (73 S. E. 503). These rulings became the law of the case as to the points covered by them. After the amendment had been allowed, in accordance with the decision last cited, there was no error in allowing a further amendment striking the paragraph of the petition which alleged the transfer, over objection that this in effect set up a new cause of action.

(*a*) Nor, after such amendment to the petition, was there error in rejecting the proposed amendment to the answer, which set up in substance, as to each of the indorsements appearing on the note and mortgage, that it was never signed or authorized by the person or persons purporting to have made it, and was not the act or deed of such person or persons.

16

(b) Nor, under the previous rulings of this court, and in the state of the record as it was at the time of the trial, was there error in admitting in evidence the mortgage and note without proof of the indorsements thereon (not considering the indorsements in evidence), or in rendering judgment in favor of the original payee for the use of the bank named as usee, from whom the attorney bringing the suit had received the mortgage by due course of mail, for foreclosure (the case having been submitted to the presiding judge without a jury).

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 11, 1915.

Mortgage foreclosure. Before Judge George. Wilcox superior court. September 24, 1914.

*Max Isaac,* for plaintiff in error. *Hal Lawson,* contra.