### 6594.   ELDERS *v.* KENNEDY *et al.*

WADE, J.  1. The assignments of error are without substantial merit. In view of the amendment made by the plaintiff, the court did not err in overruling the demurrer; and since the answer of the defendant set up no substantial defense, judgment was properly entered in behalf of the plaintiff.

2. Statutory notice for the purpose of fixing liability for attorney's fees should disclose who is the holder of the note, and whom it is intended to bring suit against, and to whom payment should be made. *Gelders* v. *Kennedy,* 9 *Ga. App.* 389, 390 (71 S. E. 503). The notice in this case was signed by one as attorney for the estate of W. H. Kennedy, and the suit was brought by the executors of W. H. Kennedy, deceased. The notice apprised the defendant of the fact that this attorney held for collection two promissory notes, which were fully described, and recited that they were in favor of W. H. Kennedy, and advised him that suit would be brought by the attorney who signed the notice, as attorney for the estate of the said Kennedy, at a designated term of a certain city court. We think this notice sufficiently disclosed who was the holder of the note, who intended to bring the suit, and to whom payment should be made, to enable the defendant to make payment of the amount due thereon before the return day of the court, and thus relieve himself of the obligation to pay attorney's fees.

3. Where no jury has been demanded and a city-court judge enters up judgment upon an unconditional contract in writing, which provides for attorney's fees, "the judgment should be couched in such language as to indicate that the judge, sitting as a jury, has found the fact to be that written notice of suit has been given as required by law." *Valdosta &c. R. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329 (4) (80 S. E. 913).

(*a*) The judgment in this case recites that defendant's counsel admitted in open court that the defendant had received notice claiming attor-

ney's fees, as shown by a copy thereof attached to the petition, ten days before the return day of the court to which the suit was brought. This judgment was couched in language sufficient to indicate that the judge, upon the admission in open court, had found the fact to be that written notice of suit had been given, as required by law, and the form of the notice also appears from the record.        *Judgment affirmed.*

DECIDED JANUARY 10, 1916.

Complaint; from city court of Reidsville—Judge Collins. May 5, 1915.

*H. H. Elders,* for plaintiff in error.

*Way & Burkhalter,* contra.