## 7618.  KIRKLAND *v.* CITIZENS TRUST COMPANY OF UTICA, NEW YORK, for use, etc.

1. An amendment by which the payee of promissory notes not transferred in writing was added as plaintiff, suing for the use of the original plaintiffs, was allowable in an action on the notes, brought against the maker by indorsers, who (as appeared from their notice of intent to sue, attached to and made a part of the original petition) were the holders of the notes, on which they alleged the defendant was indebted to them, although it was not alleged that they had paid off the notes.

2. The amendment adding the payee of the notes as plaintiff, suing for the use of the original plaintiffs, did not render ineffectual the notice given by the original plaintiffs for the purpose of recovering attorney's fees.

DECIDED JANUARY 23, 1917.

Complaint; from city court of Floyd county—Judge Nunnally. May 20, 1916.

Ferris, Lewis, and Fuller brought suit against Kirkland on two promissory notes, payable to the Citizens Trust Company of Utica, New York, or order, signed by Kirkland and indorsed by Ferris, Lewis, and Fuller. It did not appear from the original petition or the exhibits that any of the notes had been transferred to the plaintiffs, nor was it alleged that the indorsers had paid off the notes, but it was alleged that the defendant was indebted thereon to the petitioners; and copies of the notices served upon the defendant for the purpose of fixing liability for attorney's fees, and made a part of the petition, state that the petitioners are the "present holders" of the notes. The notices claiming attorney's fees identify the notes and demand payment thereof in the name of the plaintiffs. The defendant made a motion to dismiss the suit, on the grounds, that the petition set forth no cause of action in favor of the plaintiffs, that it appeared that the title to the notes sued on was in the Citizens Trust Company, and that there was no assignment of the notes and no allegation that the plaintiffs had paid off the notes. On the hearing of the motion the plaintiffs tendered an amendment making the Citizens Trust Company a party plaintiff, suing for the use of Ferris, Lewis, and Fuller. To this amendment Kirkland objected, on the ground, that it added a new and distinct party plaintiff, and that there was nothing in the original petition to amend by. The court allowed the amendment and overruled the motion to dismiss the action, and (no defense having been interposed) rendered judgment for the full amount of principal, interest, and attorney's fees sued for; and the case was brought to this court for review.

*M. B. Eubanks,* for plaintiff in error. *Denny & Wright,* contra.

GEORGE, J. (After stating the foregoing facts.)

1. The amendment was properly allowed by the court. *Neal Bank* v. *Bruce,* 137 *Ga.* 361 (73 S. E. 503); *Gelders* v. *Kennedy,* 9 *Ga. App.* 389 (71 S. E. 503); *Toole* v. *Cook,* 15 *Ga. App.* 133 (82 S. E. 772).

2. The court properly entered judgment for attorney's fees, the notices served upon the defendant fully describing the notes upon which suit was brought, and expressly alleging that Ferris, Lewis, and Fuller were the "present holders" of the same. The point raised as to the notice was expressly ruled upon in *Gelders* v. *Kennedy*, and *Toole* v. *Cook*, supra.

There is a motion in this case to assess damages for delay, and we think that the motion is meritorious. Damages are therefore awarded in favor of the defendant in error and against the plaintiff in error in terms of the statute.

*Judgment affirmed, with damages. Wade, C. J., and Luke, J., concur.*