## 55404. BRIGADIER INDUSTRIES CORPORATION v. PIPPIN.

BIRDSONG, Judge.

The facts of this case show that appellant, Brigadier Industries Corp., was a manufacturer of mobile homes. Appellee, Pippin, is a guarantor of certain notes issued by a mobile home dealer, New World Mobile Homes, Inc.

In August, 1974, Brigadier sold three homes to New World at wholesale for resale by New World. These mobile homes were financed by General Acceptance Corporation-Transworld Acceptance Corp. (GAC). GAC advanced the money for the three mobile homes for which New World paid Brigadier; Pippin guaranteed the loan from GAC. By January, 1975, New World's financial position was so insecure that GAC would no longer finance homes for New World. Therefore, in January,

1975, Brigadier commenced its own floor plan for financing mobile homes purchased by New World. To protect itself in this floor plan arrangement, Brigadier insisted upon individual guaranties for each note covering a sale at wholesale from Brigadier to New World. Pippin, together with other guarantors, signed, in February, 1975, a guaranty which provided that each guarantor ". . . jointly and severally and unconditionally guarantees . . . that the dealer will fully, promptly and faithfully perform, pay and discharge all dealer's present and future obligations to you, and agrees without you first having to proceed against dealer or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from dealer and all losses, costs, attorney's fees, or expenses which you may suffer by reason of dealer's default . . . "

In 1970, before transacting any business with New World, Brigadier and GAC entered into a repurchase agreement which provided that if any mobile home dealer purchasing mobile homes from Brigadier and financed by GAC defaulted in payments to GAC, then Brigadier would repurchase the contract, in effect holding GAC harmless from financing losses caused by Brigadier's wholesale customers. After January, 1975, New World defaulted on the notes to GAC for the three mobile homes purchased in August, 1974. Pursuant to their agreement with GAC, Brigadier repurchased the notes and was subrogated to the rights of GAC. Brigadier obtained a judgment against New World and then brought the present action against Pippin as guarantor. The action was brought in two counts, the first seeking recovery based upon Pippin's guaranty of February, 1975, to Brigadier, and the second based upon Pippin's guaranty to GAC in August 1974.

Both parties moved for summary judgment as to both counts. On August 22, 1977, the trial court denied both parties summary judgment as to Count 1. As to Count 2, the court denied Brigadier's motion but granted Pippin's motion for summary judgment holding that Pippin, together with Brigadier and the other co-guarantors were jointly liable for contribution and that the proper cause of action was founded on the substantive rules of contribution, a form of action not pleaded by Brigadier.

Following a bench trial on the merits as to Count 1, the trial court on October 11, 1977, entered judgment on Count 1 in favor of Pippin, holding that the February, 1975 guaranty only extended to credit advanced by Brigadier to New World and not to credit extended by GAC to New World for the three mobile homes sold to New World prior to Pippin's February, 1975 guaranty agreement. Brigadier brings this appeal contending that the trial court as to Count 1 erred in construing an unambiguous contract to limit the extent of the guaranty to the floor plan provided by Brigadier to the exclusion of the floor plan provided by GAC and erred in granting summary judgment to Pippin upon Count 2. As to Count 1, in substance, Brigadier contends that the February, 1975 guaranty is so broad that it in effect was an indemnification. Pippin on the other hand contended that the contract of guaranty was meant to extend only to credit furnished for mobile homes sold by Brigadier to New World under the 1975 floor plan arrangement. *Held:*

1. We affirm the judgment of the trial court as to Count 1. The testimony of Brigadier's credit officer established that the primary purpose of obtaining the guaranty agreements in February, 1975, was to protect Brigadier in its floor plan. Prior to this time, Brigadier had required no guaranty from New World because credit was extended to New World by GAC. This was true even though Brigadier had executed a repurchase agreement with GAC which included all of its wholesale customers. Pippin had guaranteed notes for New World to GAC on GAC's floor plan and then guaranteed similar notes to Brigadier when Brigadier undertook the floor plan service. The February, 1975 guaranty could be read as an indemnification of all indebtedness arising out of the sale of mobile homes or as a guaranty for all sales occurring on or after the date of the guaranty between Brigadier and New World. In construing a contract, the main objective is to arrive at the intention of the parties and, to this end, the meaning of the words must be considered in the light of all the attendant and surrounding circumstances. *Beavers v. LeSueur,* 188 Ga. 393 (3 SE2d 667). Where the language of an instrument in writing may be ambiguous in that it may be fairly understood in more ways than one, it should

be taken in the sense put upon it by the parties at time of execution, and the court is empowered to hear evidence as to the facts and surroundings, and decree according to the truth of the matter. *Irwin v. Young,* 212 Ga. 1 (90 SE2d 22). In making its determination the court should look to the substantial purpose which apparently influenced the minds of the parties, rather than at the details of making such purpose effectual. *Andrews v. Bickerstaff,* 93 Ga. App. 571 (92 SE2d 257).

It is our conclusion that the trial court properly determined that the parties intended to enter into a contract of guaranty and not an indemnification. The trial court did not err in finding that the guaranty executed by Pippin extended only to mobile homes sold at wholesale by Brigadier to New World under the 1975 floor plan furnished by Brigadier and did not relate back to the floor plan furnished by GAC. It follows that the trial court did not err in entering judgment as to Count 1.

2. As to the grant of summary judgment to Pippin on Count 2, we do not have jurisdiction to consider this enumeration. The complaint in this case as filed by Brigadier was composed of two counts, each based upon different factual and legal premises. Count 2 was based upon a guaranty dated in April, 1974, running from Pippin through GAC to Brigadier by subrogation. Count 1 was based upon a guaranty dated in January, 1975, running from Pippin to Brigadier. The trial court considered motions for summary judgment filed by both parties and entered summary judgment as to Count 2 in favor of Pippin on August 22, 1977. The judgment as to that count thus became final. The judgment as to Count 1, based upon a bench trial, was entered on October 11, 1977. The notice of appeal was not entered as to either of the judgments of the trial court until November 9, 1977, a period of 78 days after the entry of the final summary judgment on August 22, 1977. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530). Appellant's notice of appeal as to Count 2 was not filed within 30 days of the entry of the judgment thereon. This court is without jurisdiction to review the judgment entered below

because of appellant's failure to perfect its appeal as to that count pursuant to the Appellate Practice Act. *Culwell v. Lomas & Nettleton Co.*, 145 Ga. App. 519 (1978). See *Lewis & Sheron Enterprises v. Great A & P Tea Co.*, 136 Ga. App. 910 (222 SE2d 659). Accordingly, that portion of appellant's appeal is dismissed.

*Judgment affirmed in part and dismissed in part. Bell, C. J., and Shulman, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED JUNE 23, 1978 — REHEARING DENIED JULY 14, 1978 — 

*Vansant & Engram, Alfred N. Corriere,* for appellant.

*Eckhardt & Lee, William Eckhardt,* for appellee.