55404. BRIGADIER INDUSTRIES CORPORATION v.
PIPPIN.

BIRDSONG, Judge.
Division 2 of the original opinion of this court, *Brigadier Ind. Corp. v. Pippin,* 146 Ga. App. 705 (247 SE2d 170) has been reversed by the Supreme Court and that division of our original opinion has been vacated. For a full statement of the pertinent facts, see 146 Ga. App. 705-707.

The trial court concluded in its judgment as to Count 2 that Pippin and Brigadier were joint guarantors and that the proper cause of action by Brigadier had to be founded upon a theory of contribution; however, Brigadier did not so plead. Because Brigadier failed to plead the proper cause of action, the trial court granted summary judgment to Pippin as to Count 2. *Held:*

The facts of this case clearly show that in August, 1974, Pippin guaranteed such debts of New World Mobile Homes, Inc. as were owing to General Acceptance Corporation-Transworld Acceptance Corporation (GAC) pursuant to a floor plan financing agreement; no such agreement existed in August, 1974, as between Pippin and Brigadier. The guaranty agreement executed between Pippin and New World provided that Pippin ". . . jointly and severally, and unconditionally guarantees, to you, your transferees, successors, assigns. . ." to pay the debts owing to GAC without the institution of suit against New World. It further appears that Brigadier, as a manufacturer of mobile homes seeking to obtain credit for its dealers, in 1970 entered into a repurchase agreement with GAC whereby if a dealer defaulted upon the purchase price of a mobile home, Brigadier would repossess the mobile home (as is, where is) and credit the dealer with the resale funds or value but seek recovery from the dealer for the wholesale costs of the mobile home. The repurchase agreement further provided that, upon

dealer default, Brigadier would immediately repay the full value to GAC of the purchase money advanced by GAC to the dealer to make the purchase from Brigadier. Thereafter Brigadier was subrogated to the rights of GAC. In this case, Brigadier obtained a judgment against New World and thereafter sought to enforce the guaranty executed by Pippin in favor of GAC.

At no point in the repurchase agreement and the implementing finance agreement existing between GAC and Brigadier does Brigadier refer to itself as a guarantor. Rather, the financing agreement provides for Brigadier's subrogation to the rights of GAC as a part of Brigadier's promise to repurchase.

It is true that where the provisions of a contract are unambiguous, its interpretation is a question of law for the trial court. Code Ann. §§ 20-701, 20-704 (1); *Henderson Mill Ltd. v. McConnell,* 237 Ga. 807, 809 (229 SE2d 660). However, courts are not at liberty to revise contracts while professing to construe them. *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691); *Stuckey v. Kahn,* 140 Ga. App. 602, 606 (231 SE2d 565); *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 86 (2a) (210 SE2d 34). In this case the trial court erred in converting a repurchase agreement into a guaranty so as to make Brigadier a co-guarantor with Pippin.

We confirm our judgment of affirmance of the judgment of the trial court as to Count 1 entered in *Brigadier Ind. Corp. v. Pippin,* 146 Ga. App. 705, supra. We reverse the judgment of the trial court as to Count 2 wherein the trial court granted summary judgment to Pippin.

*Judgment reversed as to Count 2. Bell, C. J., and Shulman, J., concur.*

DECIDED NOVEMBER 16, 1978.

*Vansant & Engram, Alfred N. Corriere,* for appellant.

*Eckhardt & Lee, William E. Eckhardt,* for appellee.