### 57796. PIPPIN v. BRIGADIER INDUSTRIES CORPORATION.

BIRDSONG, Judge.

This is the third appearance of this case. See *Brigadier Industries Corp. v. Pippin,* 146 Ga. App. 705 (247 SE2d 170) and *Brigadier Industries Corp. v. Pippin,* 148 Ga. App. 145 (251 SE2d 114). In its second appearance, we reversed a grant of summary judgment to defendant as to Count 2 of plaintiff's amended complaint. *Brigadier Industries Corp. v. Pippin,* 148 Ga. App. 145, supra. After return to the trial court, plaintiff moved for summary judgment, and it was granted for principal, interest, and attorney fees. It is from this order that defendant has appealed. Reference is made to the facts recited in our last opinion. In addition, the following facts which are material to this case are not contested.

Plaintiff purchased a written guaranty, dated August 3, 1974, executed by defendant which guaranteed the payment of the indebtedness of New World Mobile Homes together with several notes made by New World. On the bottom of the guaranty immediately above his signature, defendant wrote "Wholesale Floor Guaranty Only." Plaintiff in another action obtained a judgment on these notes against New World in the amount of $33,708.16. Plaintiff thereafter received $10,600 as a credit towards this judgment resulting from a levy under this judgment. The defendant admitted receipt of a letter attached to the complaint wherein he was advised by plaintiff's counsel of its intention to enforce the attorney fees provision in the guaranty. *Held:*

1. In his first enumeration of error, defendant contends that he was discharged from liability because of plaintiff's conduct in failing to repossess certain mobile homes which were the security for the debt in question. There was some evidence of an oral agreement between the parties concerning the repossession of mobile homes which may have been the collateral for the debt in issue. Plaintiff contends that the agreement concerning repossession does not concern the three mobile homes which are involved in this suit. But even assuming that defendant's version of the evidence is the correct one, it will not cause a reversal of the judgment. The written guaranty states in part: ". . . [Defendant] agrees, without your first having to proceed against Dealer or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from Dealer and all losses, costs, attorney's fees, or expenses which you may suffer by reason of Dealer's default." Accordingly, the contract in question gave plaintiff, its holder, the right to proceed against defendant without first proceeding against the collateral. The mere failure of a creditor to proceed against collateral will not operate to discharge a surety. Code § 103-202; *Timmons v. Butler, Stevens & Co.,* 138 Ga. 69 (74 SE 784). The parol agreement concerning repossession advocated by defendant is antagonistic to and inconsistent with the written guaranty which is complete and unambiguous, and it therefore cannot be used to vary the written contract. *Cooper v. Mercantile*

*Nat. Bank,* 137 Ga. App. 605 (224 SE2d 442). Defendant's reliance on *Bullard v. Ledbetter,* 59 Ga. 109, is misplaced as the facts in that case are completely distinguishable from those in this case. In *Bullard,* a surety was *induced* to forego legal remedies by assurances by the creditor to look to the principal debtor alone for recovery.

2. The argument is made that the handwritten language on the guaranty "Wholesale Floor Guaranty Only" makes the contract ambiguous subject to a multitude of interpretations which raise an issue for jury determination. The guaranty states in its first sentence that it was made to induce a third party financing agency (GAC) to make advances "under wholesale floor plan arrangements . . ." the same subject matter as the handwritten note. This handwritten language is completely consistent with the plain and unambiguous printed language of the contract. There was no issue raised for a jury to determine concerning the construction of the contract. *Pisano v. Security Management Co.,* 148 Ga. App. 567 (251 SE2d 798). No error has been shown on this ground.

3. The trial court's judgment granted an award of attorney fees to plaintiff.

a. Defendant contends that the original judgment against the principal debtor, New World, included attorney fees and that another award of attorney fees as included in the instant judgment as attorney fees was not authorized as it would be a duplication for the collection of a single debt. The defendant has not shown by the record that the judgment against New World included attorney fees; nonetheless, assuming that attorney fees were included, the collection of attorney fees in both instances was authorized by the express terms of the instruments on which the respective suits were based. Code § 20-506 does not preclude their recovery in this action. See *Rambo v. Cobb Bank & Trust Co.,* 146 Ga. App. 204 (245 SE2d 888).

b. Defendant contends further that the letter giving notice of intent to seek attorney fees does not comply with the provisions of Code § 20-506. We have examined this contention and find it to be without any merit. The letter clearly states that a demand was being made on

defendant to recover on a debt due which fell within the "August 3, 1974" guaranty signed by defendant and that plaintiff would assert the attorney fees provision of the contract of guaranty if the debt was not paid within ten days. This complies with Code § 20-506. There is no basis to hold that the letter was confusing as to which debts were involved.

4. The motion for damages for delay under Code § 6-1801 is denied. While we have determined that the appeal has no merit, the enumerations of error were arguable and do not require a conclusion that they were interposed for purposes of delay. *Associated Distributors v. Strozier,* 144 Ga. App. 205 (240 SE2d 761).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MAY 9, 1979 — DECIDED JUNE 7, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Eckhardt & Lee, William Eckhardt,* for appellant.

*Vansant, Engram & Corriere, Alfred N. Corriere,* for appellee.