## 40739. KRAPF v. WILES.

SMITH, Justice.

This dispute concerns a contractual provision for payment of attorney fees. In October 1982, appellee Wiles purchased some residential property from appellant Krapf. As part of this transaction, Wiles executed a promissory note in favor of Krapf for $51,550 and a security deed covering the land in question. In December 1982, Krapf assigned the note and security deed to the Trust Company Bank as security for a loan. The bank notified Wiles of the assignment and directed him to make payments on the note directly to the bank.

Wiles subsequently defaulted on the note. By letter dated April 5, 1983, Krapf's attorneys notified Wiles that by virtue of his default

the entire balance of $36,500 due under the note, plus interest, was due immediately. The letter went on to state that if the entire debt were not paid within ten days of notice, foreclosure proceedings would begin and Wiles would be liable for ten percent attorney fees pursuant to the terms of the note. Sometime after April 5, the bank reassigned the note to Krapf. After the ten-day period had expired, Wiles tendered $36,500 to Krapf and to the bank, which was refused. Wiles then instituted this action to restrain Krapf from foreclosing on the property, and paid both the principal amount and the ten percent attorney fees into the registry of the court.

On May 3 the trial court issued a temporary restraining order prohibiting sale of the land pending trial, and ordered payment of $36,500 from the registry of the court to Krapf and the bank. On August 19 the court denied Krapf's motion for summary judgment, ruling that Krapf was not entitled to attorney fees and ordering the $3,650 remaining in the registry of the court to be returned to Wiles. Krapf brought this direct appeal. We affirm.

The sole issue is whether the April 5 letter, which purported to notify Wiles of Krapf's intent to enforce the attorney fees provision of the note, complied with the requirements of OCGA § 13-1-11(a)(3) (Code Ann. § 20-506). That statute provides: "The holder of the note or other evidence of indebtedness or his attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees . . ."

On appeal Krapf cites *General Electric Corp. v. Brooks,* 242 Ga. 109 (249 SE2d 596) (1978), in support of his position that the April 5 letter to Wiles substantially complied with the above-quoted statute. We disagree. The law requires that notice of intent to enforce an attorney fees provision be sent by the *holder* of the note. OCGA § 11-1-201(20) (Code Ann. § 109A-1—201) defines "holder" as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued, or endorsed to him or to his order or to borrower in blank." On April 5, the date of the letter, the bank and not Krapf was in possession of the note and security deed. Therefore the letter relied on by Krapf was not notice as required by OCGA § 13-1-11 (Code Ann. § 20-506). In our view the statute's requirement that notice be sent by the "holder" is a matter of substance to which the doctrine of substantial compliance does not apply. "Statutory notice for the purpose of fixing liability for attorney's fees should disclose who is holder of the note, and who it is

that intends to bring suit, and to whom the payment should be made; and if notice is so worded as to mislead or as to be likely to mislead the defendant in material respects as to these features, it is inadequate." *Gelders v. Kennedy,* 9 Ga. App. 389, 390 (71 SE 503) (1911). Cf. *General Electric Corp. v. Brooks,* supra, at 118-19. Krapf's contentions are therefore without merit, and the trial judge's grant of summary judgment on the issue of attorney fees was correct.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 17, 1984.

*Lee & Clark, Fred S. Clark,* for appellant.

*Remler & Henderson, Albert N. Remler, Devaul L. Henderson, Jr.,* for appellee.