## A91A1866. GOODRUM v. ENSIGN BANK et al.

(413 SE2d 230)

McMurray, Presiding Judge.

Plaintiff Ensign Bank, F.S.B., assignee of J.D.S. Vendor Services, Inc., brought suit against defendant Leon Goodrum seeking $11,830.01 plus interest and attorney fees pursuant to a written contract of guaranty. Defendant answered the complaint, denied liability, and filed a third-party claim against Microwave Express, Inc., the party which executed the contract guaranteed by defendant.

Plaintiff moved for summary judgment against defendant. The trial court granted the motion and defendant appeals. *Held*:

1. The motion to dismiss the appeal is denied.

2. Defendant contends the attorney fee demand letter was insufficient because it failed to identify the contract underlying defendant's indebtedness with sufficient specificity. See generally *Pippin v. Brigadier Indus. Corp.*, 150 Ga. App. 401, 403 (3b) (258 SE2d 18). In this regard, defendant points out that he executed a guaranty in favor of NMI, Inc. and the demand letter simply refers to a "contract" which defendant "executed . . . in favor of Ensign Bank. . . ."

"The purpose of the law relating to the giving of ten days' notice to the debtor of the creditor's intention to enforce the provision for attorney fees in a contract is to allow the debtor to pay the principal and interest on the contract within ten days from receipt of the notice and relieve himself of the liability to pay attorney fees. *Dixie Const. Co. of Ga. v. Griffin*, 104 Ga. App. 457 (1) (121 SE2d 926)." *Gresham v. Rogers*, 147 Ga. App. 189, 191 (2) (248 SE2d 225). This purpose cannot be served unless the notice "states the note upon which attorney's fees will be claimed. . . ." *Rylee v. Bank of Statham*, 7 Ga. App. 489, 493 (3), 495 (67 SE 383). In our view, the demand letter failed to comply with this requirement. It did not identify the underlying basis of defendant's indebtedness with sufficient specificity. Compare *Pippin v. Brigadier Indus. Corp.*, 150 Ga. App. 401, 403, supra.

We are not unmindful of the fact that, in order to recover attorney fees, a creditor need only comply substantially with the provisions of OCGA § 13-1-11. *General Elec. Credit Corp. of Ga. v. Brooks*, 242 Ga. 109 (249 SE2d 596). Try as we might, we cannot find substantial compliance in this case. It follows that the trial court erred in granting plaintiff's motion for summary judgment insofar as plaintiff sought the award of attorney fees pursuant to OCGA § 13-1-11.

3. Defendant's contention that plaintiff failed to demonstrate that it is the real party in interest is utterly devoid of merit. Plaintiff clearly demonstrated that NMI, Inc. assigned the contract to J.D.S. Vendor Services, Inc., and that that entity assigned the contract to plaintiff. Besides, the guaranty expressly obligates defendant to NMI,

Inc., "it's successors and assigns."

4. It is not inappropriate for a trial court to enter summary judgment against a defendant simply because a third-party claim remains pending. Summary judgment can be entered with regard to all or any part of a case. See OCGA § 9-11-56.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 22, 1991.

*Thomas, Kennedy, Sampson & Patterson, Paul L. Howard, Jr.,* for appellant.

*Stokes, Lazarus & Carmichael, Marion B. Stokes III, Richard J. Joseph,* for appellees.