## A02A0187. TRUST ASSOCIATES v. SNEAD et al.

### (559 SE2d 502)

ELDRIDGE, Judge.

Trust Associates, Louis D. Brown, trustee, loaned over $75,000 to Medical Consultation Network Corporation, evidenced by three one-year promissory notes. Scott Snead and Fabio Mann personally guaranteed MCNC's obligation. The notes provided for the payment of attorney fees in the amount of 15 percent if after default an attorney was retained to collect the sum owed. MCNC failed to make payments on the notes and was in default.

Trust Associates sued MCNC, Snead, and Mann; MCNC admitted entering into the notes and failing to make any payments. A default judgment was entered against MCNC for the entire amount, interest, attorney fees, and costs. At a jury trial against Snead and Mann, a verdict and judgment were entered against them for $75,000 and for attorney fees. Trust Associates moved for a new trial, because interest was not set out in the verdict against Snead and Mann. Snead and Mann moved for a judgment notwithstanding the verdict as to the award of attorney fees. The trial court granted the j.n.o.v. as to the award of attorney fees and denied the motion for new trial as to interest. We affirm, because the demand notice for attorney fees failed to comply with the statute, and plaintiff waived any defect in the form of the verdict by not timely objecting to the general verdict when returned by the jury the second time without specifying principal and interest separately.

1. Plaintiff contends that the trial court erred in granting the defendants' motion for j.n.o.v. as to attorney fees by ruling that there was no evidence presented to support an award of attorney fees.

On July 17, 1998, Brown in his own name and with his own address sent the following demand letter to the defendants.

[I]f this debt is collected at law or by an attorney at law please be advised that all sums expended for collection and attorney fees of 15% will be added to the amount due as allowed for in the Notes. Other fees will be added to the amounts [sic] as allowed by State law. We will await 10 days for payment before proceeding.

However, Brown identified himself as the person to be paid and gave his own address of 4426-B Hugh Howell Highway, Suite 200, Tucker, Georgia 30084, for payment in the demand letters without indicating his capacity or his right to collect the debt. The demand letters failed to identify the notes to be paid. In contrast, the notes specified that "all principal and interest shall be payable to Trust Associates, 5616 Silver Ridge Dr., Stone Mt., GA 30087."

The demand letter failed to satisfy the statutory requirements for the right to attorney fees, because it failed: (1) to identify the holder of the notes making demand, i.e., Trust Associates, its assigns, its attorney, or its trustee; (2) to identify the notes to which the demand was given for payment; and (3) to specify that ten days from the date of receipt of the notice would be given the debtor for payment prior to the imposition of the sanctions. OCGA § 13-1-11 (a) (3). To be a proper demand notice, it must as a matter of substance: (1) be in writing; (2) to the party sought to be held on the obligation; (3) after maturity; (4) to state that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced; and (5) to state that the party has ten days from the receipt of such notice to pay the principal and interest without the attorney fees. *Gen. Elec. Credit Corp. &c. v. Brooks*, 242 Ga. 109, 119 (249 SE2d 596) (1978); *Professional Cleaners v. Phenix Supply Co.*, 201 Ga. App. 634, 635 (411 SE2d 781) (1991).

(a) The demand notice failed to identify the holder.

> The law requires that notice of intent to enforce an attorney fees provision be sent by the *holder* of the note. OCGA § 11-1-201 (20) . . . defines "holder" as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued, or endorsed to him or to his order or to borrower in blank."

(Emphasis in original.) *Krapf v. Wiles*, 252 Ga. 452, 453 (314 SE2d 656) (1984). The reason for such identification of the holder is so that the debtor can know with certainty whom to pay during the ten-day period without delay in seeking to determine whom to pay. "In our view the statute's requirement that notice be sent by the 'holder' is a matter of substance to which the doctrine of substantial compliance does not apply." Id. at 453.

> Statutory notice for the purpose of fixing liability for attorney's fees should disclose who is the holder of the note, and who it is that intends to bring suit, and to whom the payment should be made; and if notice is so worded as to mislead or as to be likely to mislead the defendant in material respects as to these features, it is inadequate.

(Citations and punctuation omitted.) Id. at 453-454.

In this case, the demand letter failed to identify the holder, Trust Associates, its agent, its trustee as Brown, or its attorney, who had authority to accept payment to satisfy the debt if payment were timely tendered.

(b) The demand letter failed to identify the indebtedness due for payment.

The purpose of a demand notice is to identify the holder or his agent who may receive payment for the specific indebtedness past due, which must be paid during the ten-day period to avoid the imposition of liability for attorney fees. OCGA § 13-1-11 (a) (3); *Goodrum v. Ensign Bank*, 202 Ga. App. 53 (2) (413 SE2d 230) (1991). The demand notice, to serve its statutory purpose, must identify the note or notes involved as the underlying basis for the defendants' indebtedness in the demand as past due so that this debt and no other may be paid within the ten days. Id. In this case, there was no specific identification of the notes past due, only an indirect allusion, which was insufficient to put the debtor on notice as to what debt was sought to be collected so there was not even substantial compliance with the statute.

(c) The statutory requirement of notice of a ten-day period from receipt for payment is mandated in a valid demand notice.

The debtors must be advised in the demand letter that they have ten days from the receipt of notice within which to satisfy the debt to avoid the imposition of attorney fees; substantial compliance with the statute does not include a failure to specify that the ten days run from the receipt of the demand notice. *Gen. Elec. Credit Corp. v. Brooks*, supra at 118; *Professional Cleaners v. Phenix Supply Co.*, supra at 635 (ten days from date of the notice failed to comply). Unless the debtor is advised that the ten-day period runs from the time of receipt, the debtor has no way to know how long the period exists within which the debt can be satisfied without the imposition of the sanction of attorney fees. "So long as a debtor is *informed* that he has 10 days from receipt of notice within which to pay principal and interest without incurring any liability for attorney fees the legislative intent behind the enactment of [OCGA § 13-1-11 (a) (3)] has been fulfilled." (Emphasis in original.) *Gen. Elec. Credit Corp. v. Brooks*, supra at 118. These demand notices failed to do this.

2. Plaintiff contends that the trial court erred in denying its motion for new trial to recover interest.

Initially the jury returned a verdict for $194,819.92, but minus the fair market value of the 200 shares of MCNC that plaintiff received. The trial court directed that the jury reconsider its verdict, because no value had been given to the MCNC shares that the plaintiff received, which was a set-off to the debt. After further deliberations, the jury returned a verdict for $75,000 plus costs and attorney fees. Plaintiff neither objected to the form of the verdict nor requested the trial court to determine from the jury in the box if interest had been awarded; plaintiff allowed the jury to be excused having returned a general verdict form.

(a) The verdict was within the range of the evidence.

The verdict fell within the range of the evidence considered by the jury. When a motion for new trial is made on general grounds, such motion is addressed to the sound discretion of the trial court. *Kitchin v. Kitchin,* 219 Ga. 417, 419 (1) (133 SE2d 880) (1963). When the ground for new trial is that the verdict was contrary to the evidence, this also is addressed to the discretion of the trial court whether to grant or deny such motion. *Clark v. United Ins. Co. &c.,* 199 Ga. App. 1, 3 (1) (404 SE2d 149) (1991). Where there exists some evidence to support the verdict, then the verdict should not be disturbed. *Crawford v. Presbyterian Home,* 216 Ga. App. 54, 56 (5) (453 SE2d 480) (1994). "[A]ny evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence." *Clark v. United Ins. Co.,* supra at 3. Thus, where a verdict falls within the range of the evidence, it should not be disturbed. *Southern Crate &c. Co. v. McDowell,* 163 Ga. App. 153, 155 (3) (293 SE2d 541) (1982).

(b) The parties either agreed to a general verdict or acquiesced to it, which waived any defect as to form.

As a general verdict, which did not require the jury to specify how much was the recovery of the balance due on the notes and how much was for interest, there is no way to determine that the jury did not return both principal and interest in the amount awarded; thus, this is not a proper basis for a new trial based upon mere speculation that no interest was awarded. *Brock v. Douglas Kohoutek, L.P.,* 225 Ga. App. 104, 108-109 (3) (483 SE2d 342) (1997). Further, the plaintiff made no objection to the form of the verdict returned and did not request that the trial court inquire of the jury if it awarded interest included in the award. *Southern Crate &c. Co. v. McDowell,* supra at 155 (3). Therefore, the failure to have the trial court inquire of the jury while still in the box and to object to the form of the verdict, while the jury could still again reform the verdict, constituted a waiver of any defect. *Brock v. Douglas Kohoutek, L.P.,* supra at 109; *Ploof Truck Lines v. Bennett,* 221 Ga. App. 789, 791-792 (3) (472 SE2d 552) (1996) (must object as to irregularity of form of verdict at time of rendition or otherwise waived).

(c) Plaintiff's claim was for unliquidated damages.

When a question of fact exists as to the sum owed and the jury must determine such amount from the evidence before it, the damages are unliquidated; thus, an award of prejudgment interest would not be authorized. *Spears v. Allied Engineering Assoc.,* 186 Ga. App. 878, 879 (2) (368 SE2d 818) (1988). The unliquidated nature of the damages in this case was demonstrated by the trial court's need to have the jury recalculate the verdict after assigning a value to the MCNC stock received. Thus, the liability was neither certain and

fixed nor changed with proof of the set-off for the stock received. *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 541 (4) (481 SE2d 541) (1997); *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 51-52 (3) (305 SE2d 864) (1983).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 25, 2002.

*Stevens & McClung, Ronald S. Stevens, James B. McClung, John J. Maurer*, for appellant.

*Fellows, Johnson & La Briola, Henry D. Fellows, Jr., Steven M. Kushner, Rich & Smith, Randolph G. Rich*, for appellees.