**In re SOUTHSIDE, LLC, Debtor.**

**Southside LLC, Movant,**

**v.**

**SunTrust Bank, Respondent.**

**No. 12–79847–MHM.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Signed Sept. 30, 2014.

James L. Paul, Chamberlain, Hrdlicka, White et al., Atlanta, GA, for Debtor.

Lindsay N.P. Swift, Office of the U.S. Trustee, Atlanta, GA, for U.S. Trustee.

## ORDER GRANTING OBJECTION TO CLAIM AND DENYING MOTION FOR RELIEF FROM STAY

MARGARET H. MURPHY,
Bankruptcy Judge.

Debtor filed a *First Objection to Sun-Trust Bank's Proof of Claim* July 31, 2013 (Claim No. 2), seeking a determination that attorneys' fees included in SunTrust's claim should be limited to reasonable attorneys' fees actually incurred (Doc. No. 130) (the "Objection"). SunTrust Bank ("SunTrust") filed a response August 30, 2013 (Doc. No. 142). Debtor filed a reply brief September 5, 2013 (Doc. No. 146). At a hearing held September 6, 2013, supplemental briefing was requested. In response, the parties filed briefs as follows: by SunTrust September 23, 2013 (Doc. No. 150); by Debtor October 9, 2013 (Doc. No. 156), and again by SunTrust October 11, 2013 (Doc. No. 157). As a result of hearings held October 16 and October 18, 2013, additional supplemental briefing was requested and filed by the parties October 30, 2013 (Docs. No. 165 and 166), followed by responsive supplemental briefs filed November 12, 2013 (Docs. No. 172 and 173). Also, SunTrust filed a *Motion for Relief from Stay* December 13, 2012 (Doc. No. 15) (the "Motion"), the disposition of

which turns on the outcome of Debtor's Objection. Debtor filed a *Motion for Estimation of SunTrust Bank's Claim* September 5, 2013, seeking to estimate the claim for the purposes of confirming a Plan, which may be adjusted after final resolution of SunTrust's claim (Doc. No. 148).

### STATEMENT OF FACTS

Debtor filed its Chapter 11 petition December 3, 2012 (the "Petition Date"). SunTrust Bank ("SunTrust") filed its *Proof of Claim* December 13, 2012 (Claim No. 2 on the court's claims register) (the "Original Claim"), asserting a claim of $2,123,515.73 [1] from SunTrust's Georgia form of *Commercial Note* (Original Claim, p. 13 of 67) (the "Note"), secured by real property and improvements at 1946 Briarwood Court, Atlanta, Georgia 30329 (the "Property"). SunTrust amended that claim August 30, 2013, to show a reduced secured claim, "plus accruing expenses under 11 U.S.C. Section 506(b)" (the "Amended Claim"). The Amended Claim states the total due as of the Petition Date, $2,113,987.70, is comprised *of*:

$ 1,820,593.10 in principal;

$ 19,116.23 in interest accrued pre-petition;

$ 82,432.44 in net post-petition interest [2];

$ 7,850.00 in "fees;" and

$ 183,995.93 in attorneys' fees

The Amended Claim states that the attorneys' fees are comprised of "15% of the first $500.00 of principal and interest due under the loan documents and 10% of the

amount of principal and interest in excess of $500.00 as of December 3, 2012." According to the Amended Claim, as of July 31, 2013, *actual* fees total approximately $148,654.01 and continue to accrue with interest at the default rate.

In the Objection, Debtor argues that the "operative loan documents specifically and unequivocally limit any SunTrust claim for attorneys' fees to *reasonable* attorneys' fees *actually incurred* by SunTrust." (Emphasis supplied). Debtor is a guarantor on the Note, attached as Exhibit "2" to the Amended Claim (p. 15 of 69), executed December 30, 2010 by non-Debtor Jermaine Dupri Mauldin ("JDM"). Addendum "A" to the Note (Amended Claim, p. 22 of 69) (the "Addendum") states,

> Notwithstanding anything to the contrary contained within the Note or other Loan Documents ... any reference to attorney fees accrued to the account of the Borrower or any Guarantor shall be limited to reasonable attorneys' fees actually incurred.

Concurrent with JDM's execution of the Note, Debtor executed an *Unlimited Continuing Guaranty Agreement* on SunTrust's form (Amended Claim, p. 8 of 69) (the "Guaranty") and a *Commercial Deed to Secure Debt and Security Agreement* on SunTrust's preprinted Georgia form, granting SunTrust a security interest in Debtor's Property (Amended Claim, p. 42–51 of 69) (the "Security Deed"). The Security Deed provides, on page 2 (Amended Claim, p. 43 of 69):

> event of default, SunTrust, it's option (*sic*), may charge interest on the unpaid balance of this Note at the lesser of (a) the Rate plus 4.00% per annum, or (b) the maximum rate allowed by law (the "Default Rate") until paid in full." The Note identifies the "Rate" as 5.25%; therefore, the "Default Rate" is the lesser of 9.25% and the maximum default rate allowed by law.

---

1. Attorneys' fees of $275,000 were asserted in the claim as originally filed, representing 15% of the principal and interest outstanding as of the Petition Date (Original Claim, p. 4 of 67).

2. "$137,050.20 in post-petition default interest less contract interest paid of $54,617.76 from Dec. 3, 2012 through August 31, 2013." The Note states that, "upon an occurrence of an event of default, as of the date of such

This deed secures ... (e) all costs of collection, including attorneys' fees in the amount of fifteen percent (15%) of the indebtedness and obligations secured thereby, if collected by law or through an attorney-at-law or in bankruptcy or other judicial proceedings.

However, the Security Deed also provides, on page 4 (Amended Claim, p. 45 of 69):

Grantor shall pay or reimburse Grantee ... for all attorneys' fees, costs and expenses incurred by Grantee in any suit, action, legal proceeding or dispute of any kind ... affecting the indebtedness secured hereby....

Paragraph 13 of the Guaranty (Amended Claim, p. 11 of 69) provides,

If any legal action or actions are instituted by Lender to enforce any of its rights against Guarantor hereunder, then Guarantor, jointly and severally, agrees to pay Lender all expenses *incurred* by Lender relative to such legal action or actions, including, but not limited to, court costs plus 15% of the total amount of principal and accrued interest *then due* Lender hereunder as attorney's fees.

*(emphasis added).* The Security Deed and Guaranty were each executed by "Southside, LLC, a Georgia limited liability company, By: So So Def Productions, Inc., its Sole Manager" and signed by JDM as President of So So Def Productions, Inc. ("So So Def"). Debtor did not execute the Note or its Addendum.

On October 31, 2011, JDM, Debtor, SunTrust, and So So Def executed a forbearance agreement (the "Forbearance"). On April 16, 2012, the parties entered into a *First Amended Forbearance Agreement* (the "Amended Forbearance"). Both the Forbearance and Amended Forbearance provide

In the event any dispute shall arise concerning the subject matter of this Agreement, SunTrust shall be entitled to recover from Borrower and/or Guarantors its *reasonable attorneys' fees and costs incurred* at all trial, appellate, and bankruptcy cases or proceedings. The rights and remedies of SunTrust contained in this paragraph shall be in addition to, and not in lieu of, the rights and remedies contained in the Loan Documents and as otherwise provided by law.

*(emphasis added).* On both the Forbearance and Amended Forbearance, JDM's signature appears three times, executing each document as himself, for himself; as President of So So Def, for So So Def; and as President of So So Def, manager of Debtor, for Debtor. In the Forbearance and Amended Forbearance, SunTrust agreed not to commence legal action under the Loan Documents until November 1, 2012, which was described in both forbearance agreements as the "Termination Date."[3]

## DISCUSSION

Debtor argues that SunTrust failed to comply with the statutory notice requirements for collecting attorneys' fees under Georgia law; that even if SunTrust had complied with the notice requirements, the attorneys fee language of the Note, Security Deed, and Amended Forbearance limits SunTrust's attorneys fees to fees actually incurred; and, even if the applicable contract language provides for percentage-based attorneys' fees, the Bankruptcy Code, 11 U.S.C. § 506(b), limits recoverable attorneys' fees to "reasonable fees ... provided for under the agreement or State statute under which such claim arose." SunTrust argues that the language of the

---

**3.** The Termination Date is discussed in further detail, *infra.* Apparently conflicting language in the Forbearance leaves open the question of what time on the Termination Date the Forbearance actually terminated.

Forbearance and Amended Forbearance entitles SunTrust to attorneys' fees calculated pursuant to O.C.G.A. § 13–1–11, and that § 506(b) limits its *secured* claim for attorneys' fees to actual fees, but allows statutory fees beyond actual fees as an unsecured claim.

### Attorneys Fees allowed under Georgia Law

■ Contractual attorneys' fee provisions under Georgia law are governed by O.C.G.A. § 13–1–11, which provides [4]

(a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness ... shall be valid enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:

  1) If such ... evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said ... evidence of indebtedness;

  2) If such ... evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such ... evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00; and

  3) The holder of ... evidence of indebtedness or his or her attorney at

law shall, after maturity of the obligation, notify in writing the ... party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such ... party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the ... party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

A prerequisite to collecting attorneys fees is that the creditor provide written notice of an intent to enforce the attorneys' fee provision, providing the party sought to be held 10 days to pay the debt in full to avoid the attorneys' fees. The facts in this case indicate that SunTrust failed to properly provide this notice to Debtor.

■ To substantially comply with the O.C.G.A. § 13–1–11, notice must "(1) be in writing; (2) to the party sought to be held on the obligation; (3) after maturity; ... (4) [stating] that the contractual attorneys' fees provisions will be enforced; and (5) [stating] that the party has 10 days from the receipt of such notice to pay the principal and interest without the attorney fees." *Harvey v. Meadows,* 280 Ga. 166, 169, 626 S.E.2d 92 (2006); *In re Coastal Realty*

---

4. The parties have argued about which version of O.C.G.A. § 13–1–11 applies, because the statute was amended in 2012, purportedly retroactively, during times relevant to this proceeding, to add a new subsection (b) fur-ther limiting attorneys fees. Subsection (b) is not implicated by the analysis of this Order, and, therefore, that question is not reached here.

*Investments, Inc.,* 2014 WL 929612 at *11 (Bankr.S.D.Ga. March 10, 2014) (citing *Trust Associates. v. Snead,* 253 Ga.App. 475, 476, 559 S.E.2d 502 (2002)). SunTrust purports to have twice sent notice to Debtor—first November 1, 2012 (See Doc. No. 148, Part 2, Page 41 of 54), and again December 17, 2012 (*Id.* at p. 46).[5] However, Debtor argues that SunTrust's notices were deficient in two respects: (1) they were not sent to Debtor and (2) they were not sent during the appropriate time—*i.e.,* after maturity but before Debtor filed the bankruptcy petition on December 3, 2012.

█ The November 1, 2012 Notice was sent "after maturity" as required by § 13–1–11. The Amended Forbearance provided JDM through November 1, 2012 to pay the obligation: "in the event the Indebtedness is not paid in full on or before November 1, 2012, SunTrust shall be entitled to run a foreclosure ad in DeKalb County during the month of November 2012 for a foreclosure sale to take place … in December 2012." However, the Amended Forbearance provides that it "does not operate to cure *the* existing defaults under the Loan Documents [and] the Indebtedness remains past due and owing;" the Amended Forbearance merely obligates SunTrust to forbear commencement of legal action under the Loan Documents "from the Effective Date until November 1, 2012." Moreover, the Amended Forbearance provides, "Upon the Termination Date [November 1, 2012] … SunTrust may, at its option: (1) terminate its obligation to forbear … without notice or demand … and … pursue any … remedies available to it." The obligation was "mature" throughout the forbearance period, and SunTrust appears to have exercised its option to pursue its remedies on the Termination Date.

█ The November 1, 2012 Notice was not sent "to the party sought to be held on the obligation" because it was not sent to Debtor and notice cannot be imputed upon Debtor by virtue of notice sent to an attorney who did not represent Debtor or Debtor's principal; thus, the Notice fails to comply with § 13–1–11. The November 1, 2012 Notice was sent to JDM and Debtor at 145 Dix–Lee–On Drive, Fayetteville, Georgia 30214–3007 and to James Kane. While SunTrust provides an affidavit from Kathleen M. O'Connell, "First Vice President and Senior Counsel in the Special Assets Department of SunTrust Bank," averring to the fact that SunTrust's records indicated that 145 Dix–Lee–On Drive was Debtor's address, SunTrust has not shown that said address was, in fact, an address at which Debtor could receive proper notice—of course, Debtor contends that it was not Debtor's address. Notably, the "contact date" listed on SunTrust's address records is December 30, 2010—the date of the Guaranty, Security Deed, and Note; however, Debtor's address is listed in those documents as 1946 Briarwood Court NE, Atlanta, Georgia 30329. Moreover, James Kane, an attorney, filed a declaration October 9, 2013, averring that he has never represented Debtor nor told SunTrust that he represents Debtor. Mr. Kane acknowledges that he "served as an approved contact person respecting a Term Loan Agreement by and between SunTrust Bank and non-Debtor Jermaine D. Mauldin," but has not represented JDM, So So Def, or Debtor in connection with subsequent transactions with SunTrust, including the Note, Security Deed, Guaranty, or Forbearances which form the basis of the Amended Claim. Though SunTrust is correct that "notice to an attorney is notice to the client employing him, and that knowledge of an attorney is

5. Only page 1 of each letter providing notice is provided.

knowledge of his client, which such notice and knowledge come to the attorney in and about the subject matter of his employment," *William Goldberg & Co. v. Cohen,* 219 Ga.App. 628, 630–31, 466 S.E.2d 872 (1995), notice to an attorney who has never represented Debtor and did not at the time or with respect to that subject matter, represent Debtor's principal, cannot be imputed to Debtor.

■ The December 17, 2012 Notice was sent *after* Debtor filed its Chapter 11 petition December 3, 2012. Upon filing a bankruptcy petition, the automatic stay of § 362 takes effect, staying, *inter alia,* continuation of any action or proceeding to recover a pre-petition claim against Debtor, or any act to collect, assess, or recover a pre-petition claim against Debtor. With respect to Debtor, the December 17, 2012 Notice violated the automatic stay; accordingly, it was void and without effect as to Debtor. *United States v. White,* 466 F.3d 1241, 1244 (11th Cir.2006).

Because SunTrust failed to provide notice to Debtor under § 13–1–11 prior to commencement of Debtor's Chapter 11 case, it is not entitled to claim pre-petition attorneys' fees against the bankruptcy estate. *See, In re Coastal Realty Investments, Inc.,* 2014 WL 929612 at *9 (Bankr. S.D.Ga. March 10, 2014) (J. Dalis) (Analyzing *In re Welzel,* 275 F.3d 1308, 1318 (11th Cir.2001), the Bankruptcy Court stated, "A claim for contractual attorneys' fees that does not comply with the notice requirements of O.C.G.A. § 13–1–11 is unenforceable under Georgia law and, therefore, disallowed under § 502(b)(1)."); *In re Clark,* 299 B.R. 694 (Bankr.S.D.Ga.2003); *Cf. In re Northlake Hotels, Inc.,* 2014 WL 1477397 (Bankr.N.D.Ga. April 3, 2014) (J. Hagenau) (noting that, because creditor properly provided notice under O.C.G.A. § 13–1–11 pre-petition, creditor could have claimed attorneys' fees on its proof of claim). Accordingly, SunTrust's prepetition attorneys' fees are disallowed, and SunTrust is left with a prepetition claim of $1,847,559.33 [6].

■ However, whereas 11 U.S.C. § 502(b) provides for allowance of claims "as of the date of the filing of the petition," 11 U.S.C. § 506(b) provides, "To the extent that, an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or other charges provided for under the agreement[.]" The Security Deed provides for attorneys' fees incurred in bankruptcy proceedings; therefore, pursuant to § 506(b), SunTrust is allowed postpetition interest and reasonable [7] attorneys' fees up *to* the value of the property less SunTrust's prepetition claim. The value of the Property and the amount of SunTrust's post-petition attorneys' fees have not been determined, and will be addressed in a subsequent order.

### The Motion for Relief From Stay

■ Having disallowed SunTrust's claim for prepetition attorneys' fees, it becomes clear that SunTrust's Motion should be denied. The Motion seeks relief from stay pursuant to § 362(d)(1), (2), and (3), and Bankruptcy Rule 4001. The parties submitted a consent order resolving Sun-Trust's arguments with respect to § 362(d)(1) and adequate protection; thus, the Motion's outstanding questions are whether, pursuant to § 362(d)(3), Debtor commenced regular monthly payments of interest to SunTrust within 90 days of the

---

**6.** SunTrust's claim is comprised of $1,820,593.10 in principal, $39,116.23 in interest, and $7,850.00 in fees.

**7.** "Reasonable" fees, as it is used in the Bankruptcy Code, means actual and necessary fees incurred.

petition date, and, under § 362(d)(2), whether any equity exists in the property *and* the property is necessary for an effective reorganization.

SunTrust's Motion indicates interest is accruing at $9,102.90 per month. Debtor's March 2013 Operating Report (Doc. No. 85) indicates that Debtor did, in fact, make a $9,102.96 interest payment to SunTrust within 90 days from the petition date. Debtor's most recent Operating Report (Doc. No. 202) indicates Debtor paid SunTrust an average of $9,302.96 per month from March 2013 through August 2014.

SunTrust's proof of claim indicates a claim of $2,113,987.00. Less post-petition interest and disallowed attorneys' fees, SunTrust's claim as of the Petition Date was $1,847,559.33. In the Motion, Sun-Trust asserts that the Property value is $2,100,000. While the current value of the Property has not been determined, it appears, from the Motion, that Debtor held equity in the property as of the Petition Date. Accordingly, it is hereby

**ORDERED** that Debtor's Objection is *sustained:* SunTrust's claim for pre-petition attorneys' fees is disallowed. Outstanding issues regarding SunTrust's claim will be addressed at a status conference prior to confirmation. It is further

**ORDERED** that SunTrust's Motion is *denied.*

**IT IS SO ORDERED.**