## 54115. SUMMERFIELD v. DECINQUE.

BIRDSONG, Judge.

Appellant Summerfield appeals from an adverse judgment in this action against him for personal injuries sustained by plaintiff, his wife and two minor children; past, present and future pain and suffering; loss of services; medical expenses; and property damages. The jury found that appellant negligently lost control of his automobile, skidded across the median separating the north- and south-bound lanes of Interstate Highway 75 caroming off a north-bound vehicle and ultimately colliding with plaintiff's north-bound automobile. Appellant enumerates seven errors, regarding, essentially, the sufficiency of the evidence to sustain the

verdict, the admissibility of certain evidence, and the trial judge's refusal to charge the jury as requested.

1. Appellant's first three enumerations of error are grounded on the sufficiency of the evidence; however, appellant's brief contains a mere recital of the existence of errors without argument or citation of authority. Therefore, these enumerations are deemed to have been abandoned. *Cochran v. Baxter,* 142 Ga. App. 546, 547 (236 SE2d 528) (1977); *Power v. Tallant,* 137 Ga. App. 575 (224 SE2d 534) (1976).

2. Appellant bases his next three enumerations upon the admissibility of certain evidence, urging first the impropriety of allowing plaintiff's wife to testify as to lost profits in the business which she and her husband owned, on the ground that such profits were speculative, remote, and incapable of ascertainment. The evidence establishes that plaintiff and his wife owned and operated an art gallery, a "going concern" which had enjoyed ever-increasing profits in its several years of existence. Plaintiff and his wife promoted their business by holding exhibitions throughout the country, necessitating a significant amount of travel. As a result of the collision, plaintiff completely missed the opening of one exhibition and, due to the necessity of obtaining continuing medical treatment for himself and his family, plaintiff was impaired in his ability to set up other exhibitions. Moreover, due to injuries sustained in the collision, plaintiff's wife and children were unable to assist in either the preparation or presentation of exhibits; sales subsequently declined. While it is true that the general rule prohibits recovery of expected profits where the jury must base it findings upon mere guesswork, this court has held: "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted." *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511, 512 (133 SE

878) (1926); *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490) (1972). Here the evidence showed that plaintiff operated an established business, the profits from which had increased yearly, and that his ability to conduct said business was significantly impaired as a proximate result of the collision with appellant; his wife and children were rendered incapable of assisting him at all, although they ordinarily did so. More importantly, the trial judge instructed the jury that lost wages and earnings were properly recoverable where "the evidence shows with a reasonable certainty the amount of the loss." This is a correct statement of the law. See *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840, 843 (207 SE2d 241) (1974). Under the circumstances, the testimony of plaintiff's wife concerning the earnings of the business was proper and necessary for the jury's determination of the amount of damages to which plaintiff was entitled. Finally, the jury awarded all damages, including pain and suffering, medical expenses, loss of services, and lost earnings, in a lump sum amount; no apportionment was requested and the form of the verdict was not objected to by the appellant. (Failure to object to irregularity of the form of the verdict at the time of its rendition operates as a waiver of such irregularity, if any. *Folds v. Reese,* 140 Ga. App. 291 (231 SE2d 808) (1976)). We cannot say that the amount of the jury's lump sum award was improper, nor was the admission of testimony concerning lost profits. Where the findings of the court are within the range of the testimony, as are the damages in this case, we are indisposed to disturb the judgment of the trial court. *Campo Const., Inc. v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797) (1976). There is no merit in this enumeration of error.

3. Appellant next contends that it was error for the trial judge to allow the jury to consider plaintiff's loss of use of his automobile, on the ground that said automobile was irreparably damaged. Appellant urges that the measure of damages in cases involving total destruction of property is the difference between the market value of the property immediately before and immediately after its destruction, a principle of law which was established in 1887 in *Atlanta Cotton-Seed Oil Mills v. Coffey,* 80 Ga. 145

(4 SE 759) (1887) and subsequently known as the "horse and buggy" rule. *Firestone Tire &c. Co. v. Jackson Transportation Co.,* 126 Ga. App. 471, 477 (191 SE2d 110) (1972). As a result of the rule, a distinction has arisen between repairable and unrepairable vehicles, with "loss of use" damages permissible only where the vehicle is repairable. The theory underlying the rule is that "the difference in ascertainment of damages as between a total loss and a repairable vehicle serves to provide fair, reasonable, and adequate compensation for the injury inflicted in that the maximum recovery for a repairable automobile including loss of use may not exceed value before the injury." *Firestone,* supra, p. 478. While we do not here decide the wisdom of the rule, we note that although the trial judge instructed the jury that plaintiff was entitled to recover damages based on both loss in value and loss of use, he further charged the jury that the total damages for both forms of loss could not exceed the value of the automobile before the collision. Such a charge was clearly within the spirit of the "horse and buggy" rule of damages, i.e., preventing double recovery, and error, if any, was harmless. It is an old and sound rule that error, to be reversible, must be harmful. *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636 (191 SE2d 479) (1972). Thus, where plaintiff's recovery was in any event restricted to an amount of damages not to exceed the value of the vehicle prior to its destruction, we find no reversible error. This enumeration is without merit.

4. Appellant next contends that it was error for the trial judge, upon offer by appellee, to admit a third-party complaint filed by appellant against John Doe, who, according to the complaint, was allegedly partially to blame for the collision caused by appellant; this because of appellant's subsequent dismissal of the above-described third-party complaint before trial upon the issues. This court has held that admissions in pleadings may be introduced in evidence even after having been withdrawn or stricken by the pleader. *Lucas v. Continental Cas. Co.,* 120 Ga. App. 457 (170 SE2d 856) (1969). There was no error.

5. Lastly, the appellant asserts that the trial court erred in failing to charge the jury on the law of accident.

Assuming, arguendo, that the evidence required such a charge, we are satisfied that the jury was in fact adequately instructed. Appellant admitted the collision but contended he was forced out of his lane by the unknown third party motorist. The trial court properly charged the jury to find for appellant unless the jury was satisfied by a preponderance of the evidence that the collision and resultant damages and injuries were in whole or in part attributable to the negligence of appellant's acts. "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820) (1975); *Smith v. State,* 143 Ga. App. 347 (1977). This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 6, 1977 — DECIDED SEPTEMBER 15, 1977.

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellant.

*Johnson, Harper, Ward & Stanfield, Cullen M. Ward, William C. Lanham, Clark H. McGehee, Coleman & Kitchens, William H. Kitchens,* for appellee.