63603. MALLORY REALTY COMPANY v. JONES et al.

QUILLIAN, Chief Judge.

This is an action to recover rent collected by defendant on property owned by plaintiffs.

In 1964 Arthur Mallory died leaving a wife (Cecelia), four children (Richard, Rachel, Alice and Arthur, Jr.), numerous parcels of real property in LaGrange and Troup County, and 90 percent ownership of Mallory Realty Co. By will a trust was established with Richard and Arthur as trustees to operate Mallory Realty and the real property for the benefit of the widow and four children. In 1970 the trust beneficiaries entered into a settlement agreement terminating the trust whereby Richard obtained 51 percent of the Mallory Realty stock, his mother the remaining 49 percent, and numerous real properties were deeded to the mother and children. As to the parcel of real property which is the subject matter of this suit, Cecelia received a 1/2 interest, and Rachel and Alice each received a 1/4 interest. Mallory Realty, of which Richard was now president and principal stockholder, continued to manage the property. In December 1976, Cecelia died leaving by will her 1/2 interest in the property and her stock in Mallory Realty to Rachel and Alice. Richard unsuccessfully contested the will. In August 1978 Rachel and Alice, who did not know that the property had two houses on it which had been producing rent, discovered this fact and asked Richard about it. Richard admitted that Mallory Realty had been collecting rent on the property since the estate was divided in 1970 but that the rent had not been properly credited to the owners due to bookkeeping errors. By letter Richard informed his sisters of this and stated that the rents, less expenses and plus interest, would be paid to them as soon as the amount could be determined. No payment was

immediately forthcoming. In September 1978 the sisters filed a suit against Richard and Arthur and Mallory Realty alleging numerous instances of mismanagement of trust property. This suit did not involve the property in question. The suit was settled out of court in January 1979 by a mutual release with the sisters receiving title to more parcels of real property and Richard's wife receiving the 49 percent of the Mallory Realty stock the sisters had inherited from their mother.

Thereafter, payment of the rent on the property in question not having been received by July 1979, the sisters commenced this action against Mallory Realty to collect the rent, alleging that Richard, as president of Mallory Realty, had agreed to pay and that he had fraudulently collected and withheld the rent. Litigation expenses, attorney's fees and punitive damages were also demanded. Mallory Realty answered admitting the rent obligation but raised as a defense the mutual release of January 1979, which had settled the preceding suit, as an accord and satisfaction of the obligation. After cross motions for summary judgment were denied, trial was had in which the sisters produced evidence that the rent was not intended to be covered by the mutual release. The sisters received a jury verdict and judgment for $14,755.97 general damages, $3,000 attorney's fees, and $23,500 punitive damages. A motion for new trial was denied and Mallory Realty takes this appeal. *Held:*

1. Error is asserted because the trial court denied appellant's motion for summary judgment. "The enumeration of error based upon the denial of summary judgment is based on a faulty premise. After verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. [Cits.] This enumeration is without merit." *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384). See also, *Talmadge v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61).

2. We find that the mutual release in evidence presented a reasonable defense to a disputed claim which appellant was entitled to litigate. Therefore, we affirm the award of compensatory damages but reverse the award of attorney fees and punitive damages.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JULY 9, 1982 —

*David G. Cleveland, P. Seale Hipp, Paul M. Talmadge, Jr.,* for appellant.

*E. Marcus Davis,* for appellees.
*Louis J. Kirby,* amicus curiae.