### 63958. SOUTHERN CRATE & VENEER COMPANY v. McDOWELL.

McMurray, Presiding Judge.

McDowell was a self-employed "pulpwooder." On April 7, 1980, after delivering a load of pine "pulpwood" to Southern Crate & Veneer Company and in the process of unloading the pulpwood a pulpwood loader of Southern Crate fell on McDowell's truck, damaging it. Immediately following this incident McDowell and an agent of the company secured a repair estimate, but McDowell, being dissatisfied with this estimate, obtained another.

Being unable to reach an agreement as to the damages McDowell sued Southern Crate & Veneer Company contending he was damaged in the amount of $3,000 by the negligence of the defendant as the result of the impact of defendant's loader. By amendment he sought an additional sum for the loss of use of his truck, all as a result of the defendant's negligence.

The defendant answered, admitting jurisdiction and the fact that its pulpwood loader had fallen on the pulpwood truck, but otherwise denied the claim. Defendant further contended that it had sought a fair repair estimate but the plaintiff, who had been informed that continued use of the truck would cause additional damage, failed and refused to have the truck repaired and continued to use the truck in his pulpwood operation, and the continued use resulted in the sole and proximate cause of the damage to said truck.

The case proceeded to trial with a verdict and judgment in favor of the plaintiff in the amount of $6,250. Defendant's motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error complains of the trial court giving in charge to the jury plaintiff's request to charge on loss of use of the damaged truck as to the rental value of like or similar property. Objection was made that the only evidence of rental value was testimony that you could not rent pulpwood machinery which had to be custom made. After charging that the jury could consider rental value of like or similar equipment, the court added the jury should remember the testimony "about rental" and to determine

from the jury's knowledge "as to what rental might be if you can make such a determination . . . [and if] you cannot, then, of course, you would determine the value of the use from the other facts and circumstances which have been testified to in your presence." Plaintiff testified as to the use of a smaller pulpwood truck that he owned and had to put in operation as a substitute vehicle until he later purchased another. Under the evidence presented, we find no reversible error in the charge on "loss of use" when considering the whole charge as to the loss of use of the damaged truck.

2. At trial defendant's counsel objected to the submission to the jury of the plaintiff's requested charge on damages allowed for interruption or destruction of business (loss of profits) on the grounds that there was no evidence supporting such claim. The trial court made no change in this charge, and defendant now enumerates as error submission of the charge on loss of profits.

"The general rule is that the expected profits of a commercial business which are too uncertain and speculative to afford a basis for compensation cannot be considered. *Norris v. Pig'n Whistle Sandwich Shop, Inc.,* 79 Ga. App. 369 (53 SE2d 718); *Palmer v. Atlantic Ice & Coal Corp.,* 178 Ga. 405 (2) (173 SE 424). However, an exception to this rule is that where the type of business and history of profits make the calculation of profits reasonably ascertainable, evidence of lost profits may be considered. See *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252, 253 (2) (76 SE2d 536); *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486 (1) (127 SE2d 320)." *Claxton Poultry Co. v. City of Claxton,* 155 Ga. App. 308, 313 (4) (271 SE2d 227). The question in the case sub judice then is whether the type of business in which plaintiff is engaged and the history of profits of plaintiff's business are such that the calculations of the profits lost due to the defendant's negligence is reasonably ascertainable.

The evidence submitted by the plaintiff in addition to the value of the truck was in regard to the loss of use of this truck. Plaintiff testified that when the truck in question was damaged he was obliged to place in service an available smaller truck which due to its lesser capacity resulted in lower profits. In using the larger truck his profits were $1,100 per week and with the smaller truck placed in service his profits were reduced "over $500.00," and he had to use a smaller truck for "about six or eight months." Later his testimony was that he was forced to use the smaller truck "about five months." No objection was made to this testimony. On cross-examination, however, in response to the question "And I believe you testified earlier that you had taken a loss of income of approximately $500.00 *per month* for eight months?" the plaintiff answered "Yes, sir." (Emphasis supplied.) Plaintiff also testified on cross-examination "I lost that much

[$500.00] *a week* on that truck." (Emphasis supplied.) He also testified that approximately two months later he purchased an additional truck of the same kind as the damaged one, rebuilt it to the specifications of the damaged truck and put it in operation five months after the damage; that he then made more money in 1980 than he had in 1979 as he expanded his business after purchasing the other truck and his business was substantially enhanced due to the expanded timber hauling capacity. Yet, there was sufficient evidence to allow the charge on lost profits and we find no merit in this complaint.

3. "Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision. [Cits.]" *Rutledge v. Glass,* 125 Ga. App. 549, 550 (188 SE2d 261). Yet, the plaintiff offered other evidence as to the loss of use of the vehicle in the form of reduced business profits until he purchased another truck and enlarged his pulpwood hauling business. The plaintiff testified as to his knowledge of the construction and use of pulpwood hauling equipment, and the jury was authorized to place its own value as to the physical damages to the pulpwood truck, as well as to determine lost profits by reason of the loss of use of the truck during the five months period that the plaintiff was forced to use the smaller truck until he could obtain another truck of the same capacity. No apportionment as to the damages sought was requested, and the lump sum form of the verdict was not objected to at the time of its return. "Where the findings of the [jury] are within the range of the testimony, as are the damages in this case, we are indisposed to disturb the judgment of the trial court. *Campo Const., Inc. v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797)." *Summerfield v. Decinque,* 143 Ga. App. 351, 353 (2) (238 SE2d 712). We cannot hold that the evidence presented at trial did not authorize the verdict of $6,250 awarded by the jury and made the judgment of the trial court. The enumeration of error based upon alleged error of the trial court in denying the motion for new trial as to the general grounds is not meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 16, 1982.

*Thomas W. Talbot,* for appellant.
*W. Franklin Freeman, Jr.,* for appellee.