## 66519. RICH v. STRICKLAND.

DEEN, Presiding Judge.

On November 18, 1980 appellant William Rich, by and through his then attorney of record, filed a complaint against appellee Harvey Strickland alleging that while his automobile was in the care of Strickland for repairs it was totally destroyed by fire as a result of Strickland's negligence. Rich sought $1,000 as the value of the car immediately prior to the fire, and $4,380 as the price of renting a car for a period of one year. Thereafter Rich's attorney was allowed upon motion to withdraw as attorney of record. A pretrial order was entered on September 9, 1982, and the case came on for trial with Rich as pro se attorney, but a mistrial was declared on September 23, 1982. Subsequently Strickland filed a motion for partial summary judgment on the ground that Rich was not entitled to recover for loss of use of the automobile and all such allegations should be stricken from the complaint. Rich filed a motion for summary judgment and both motions were combined for hearing. After a hearing an order was entered on February 28, 1983 (and amended on March 10, 1983 to correct transposition of the parties therein), denying Rich's motion for summary judgment and granting Strickland's motion for partial summary judgment with instructions for Rich to recast his complaint to eliminate all mention of a claim for loss of use of the vehicle. A jury trial was held on March 25, 1983, resulting in a directed verdict in favor of Rich for $1,000 damages.

This pro se appeal, filed March 10, 1983, is directed to the amended order granting appellee's motion for partial summary judgment and denying appellant's motion for summary judgment, rather than from the final verdict and judgment, although the enumerations of error are concerned with "charges" of the trial court. The appellee has filed a motion to dismiss on the ground that the intermediate order appealed from is moot because of the subsequent final judgment (OCGA § 5-6-48 (b) (2) (Code Ann. § 6-809)); and because no certificate of immediate review was taken as required by OCGA § 5-6-34 (b)(Code Ann. § 6-701) as to appeal from the denial of a motion for summary judgment. *Held:*

We affirm. The grant of partial summary judgment to appellee on the issue of damages was mandated by the venerable "horse and buggy rule" against double recovery, that "loss of use" damages are permissible only where the vehicle is repairable. *Summerfield v. DeCinque,* 143 Ga. App. 351 (3) (238 SE2d 712) (1977). As to denial of appellant's motion for summary judgment, " '[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. (Cits.)' " *Mallory Realty Co. v. Jones,* 163 Ga. App. 6, 7 (1) (292 SE2d 463) (1982).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983.

William Rich, *pro se.*
O. Wayne Ellerbee, for appellee.