67430. WILLIAMS et al. v. ADAMS.

QUILLIAN, Presiding Judge.
This is an appeal by defendant-appellant Williams and his employer from a verdict and judgment in favor of plaintiff-appellee

Adams in an action for damages arising from a vehicular collision. *Held*:

1. The trial court did not err in charging the jury that it could award appellee damages for loss of earnings between the time of injury and time of trial.

Appellants contend that the evidence was not sufficient to support such a charge as it did not permit the jury to calculate the amount of such loss with reasonable certainty. "Loss from reduced earning capacity requires proof of the value of the diminution, not merely proof of the impairment or the incapacity to work. [Cits.] Likewise, lost wages and earnings are not recoverable where the evidence does not show the amount of the loss with reasonable certainty. [Cits.]" *Rosser v. Atlanta Coca-Cola Bottling Co.*, 162 App. 503 (1), 504 (291 SE2d 109), reversed on other grounds, 250 Ga. 52 (295 SE2d 827).

The trial took place 18 months after the injury. Appellee testified that his hourly wage was $5.25. He missed quite a few days of work after the injury but he did not know how many. He missed the first 14 days or so and then 10 days and "then off and on through the year." His employer paid him for the time he was off work. Dr. Hoover, appellee's employer, testified that he was not a good record keeper, that appellee did not work as much after the injury as he did before and that he was earning only about 50 percent of what he was paid. Hoover kept appellee on as an employee and paid him because he had no other source of income. Hoover did not know how many days appellee was off work after the injury but he paid appellee for a lot of it. Appellee's wages the week of the injury were $204.45 but thereafter his pay for six weeks varied from $135 to $186. Appellee was only paid for the time he was there as shown by time cards, and he was "pretty well there." Appellee's pay for the four weeks prior to trial was $201.84, $152, $149.70 and $173.52.

While this evidence may be arguably insufficient to provide a basis for calculation of the amount of lost earnings with reasonable certainty, reversal is not mandated. The trial court charged the jury that lost wages and earnings were properly recoverable if measured by "the value of the earnings which the evidence shows with reasonable certainty that [appellee] lost as a result of his injuries." This correctly states the law. *Summerfield v. Decinque*, 143 Ga. App. 351 (2), 353 (238 SE2d 712).

In addition, all damages were awarded in a lump sum verdict. Appellants made no objection to the form of the verdict, nor do they enumerate it as error on appeal. They thus effectively waived any possible irregularity in the verdict.

"[T]he jury awarded all damages, including pain and suffering, medical expenses . . . and lost earnings, in a lump sum amount; no

apportionment was requested and the form of the verdict was not objected to by the appellant. (Failure to object to irregularity of the form of the verdict at the time of its rendition operates as a waiver of such irregularity, if any. [Cit.])" Id.

We cannot say that the amount of the verdict is improper as it is within the range of the evidence. That being so, we will not disturb the verdict or judgment of the trial court. Id.; *Benson v. Tucker*, 160 Ga. App. 217 (4) (286 SE2d 485).

2. The jury was charged that it must reduce an award of gross loss of future earnings to present cash value by using a rate of interest of not less than five nor more than seven percent.

Error is enumerated that the charge was incorrect because the twelve percent interest rate for judgments provided by OCGA § 7-4-12 should have been utilized.

This issue is specifically addressed by OCGA § 51-12-13, which states: "It shall be lawful for the trier of fact, in determining the present value of any future earnings, annuity, or amounts, to reduce the same to the present value upon the basis of interest calculated at 5 percent per annum."

Appellants' reliance on *Kitchens v. Hall*, 116 Ga. App. 41 (3) (156 SE2d 920), is misplaced. In *Piggly-Wiggly Southern v. Tucker*, 139 Ga. App. 873 (5) (229 SE2d 804), the defendant objected to a jury charge that future expenses could be reduced to present value by any method satisfactory to them and the admission of evidence establishing local interest rates of between five and seven percent. In affirming, we said: "The defendant's objections are based upon *Kitchens v. Hall*, 116 Ga. App. 41 (3) . . . , which required juries to use only a seven percent figure. However, since that time, the General Assembly has established that a five percent figure shall be used for reduction of future expenses to present values. Code Ann. § 38-217 [now OCGA § 51-12-13] [Cits.]. Any error resulting from the use of a figure in excess of five percent . . . would have been to the defendant's benefit." Id. at 877-8.

Therefore, there is no merit in this enumeration.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 28, 1984.

*J. Clinton Sumner, Jr., James P. Orr,* for appellants.
*Warren N. Coppedge, Jr.,* for appellee.