68747. CAPITAL ASSOCIATES, INC. v. ZABEL.
(322 SE2d 67)

QUILLIAN, Presiding Judge.

This is an appeal from judgment for defendant-appellee Zabel in an action by plaintiff-appellant Capital Associates, Inc., to recover the unpaid balance on a defaulted lease of personalty.

Capital leased a copying machine for a period of thirty-six months to a company of which Zabel was president. Zabel executed a guarantee of the lease. The lease went into default and the machine was repossessed and sold by Capital, with the proceeds applied to the account balance. This action was commenced against Zabel for that balance. The lease provisions retained title in the lessor and the machine was to be returned to the lessor at the termination of the lease, with no residual interest therein to the lessee. Evidence of the foregoing was presented at a bench trial at which Zabel presented no evidence.

Despite the provisions of the lease, which was clearly not a secured transaction, the trial court found that since there was no evidence of how the repossessed machine was sold, the sale was not in a commercially reasonable manner, and judgment was granted to Zabel. The court stated: "It is basic that when one sues for a deficiency that the collateral be disposed of in a commercially reasonable manner." *Held*:

1. We reverse.

This case is controlled by *McGuire v. Assoc. Capital Svc. Corp.*, 133 Ga. App. 408 (3) (210 SE2d 862), where we said that it was erroneous to conclude that a lease amounted to a sale and was a security instrument. "[The lessor] leased the radio equipment for 5 years at an agreed price, with title to the property remaining in the [lessor], and with delivery of possession of the equipment to [the lessor] to be made at the expiration of the lease. Nowhere therein can it be construed that the parties contemplated a sale, an option to purchase, or creation of a security interest. [Cits.] Thus, Article 9 of Title 109A of the Code [now OCGA § 11-9-101 et seq.] does not apply and the parties' conduct is governed by the terms of the lease, which do not require the sale of the equipment upon default, nor for the credit of proceeds of such a sale against appellant's indebtedness. That the appellee gave such credit was a gratuity to appellant and he cannot be heard to complain it was less than the property sold was worth." Id. at 411. Accord *Rollins Communications v. Ga. &c. Real Estate*, 140 Ga. App. 448 (2) (231 SE2d 397); *Ford Motor Credit Co. v. Dowdy*,

159 Ga. App. 666 (284 SE2d 679).

2. " 'The enumeration of error based upon the denial of summary judgment is based on a faulty premise. After verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. [Cits.] This enumeration is without merit.' [Cits.]" *Mallory Realty Co. v. Jones*, 163 Ga. App. 6 (1), 7 (292 SE2d 463).

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*C. Frederick MacDowell, Marshall H. Jaffe*, for appellant.
*Joseph H. Gailey*, for appellee.