### 69290. JOHNSTON et al. v. LYON.
(327 SE2d 519)

BENHAM, Judge.

Appellants bring this appeal from the judgment entered on a jury verdict which awarded appellee $2,458 for window damage; $4,000 for roof damage; $1,000 for lost profits; and $2,500 for attorney fees. Appellants maintain that the awards for attorney fees, lost profits, and roof damage were erroneously awarded.

An automobile driven by appellant Angela Kay Johnston and owned by appellant W. R. Johnston crashed through the plate glass window of the Lyon's Din Restaurant on July 24, 1981. The area which sustained damage to the glass and metal framework was boarded up for three to four weeks. Ms. Johnston estimated her speed to have been between 3 and 6 miles per hour; an eyewitness estimated it to have been approximately 12 to 15 miles per hour. A mechanic who subsequently worked on the car testified that he found mechanical and hydraulic failure of the car's brake system, that that condition was not caused by the collision but by normal wear, and that it should have been noticed by the car's regular driver by means of a dashboard indicator light and the sound of metal meeting. Another mechanic who serviced the car 10 days before the incident testified that he had noticed the bad brakes, added brake fluid, and test drove the auto. He stated that he told appellant Angela Kay Johnston that the brakes might need work in the future and that she told him she would probably bring it to him to check it out further.

A construction company superintendent who witnessed the crash testified that the building sustained a blow which moved several roof joists two inches. The restaurant night shift manager was present at the time of the collision and testified that a joist had "warped on the end and bucked up." Both these two witnesses and appellee testified that while the roof had not leaked prior to the collision, several leaks were in evidence during the first post-crash rainstorm. A roofer testi-

fied that he inspected the roof and found it to be a 20-year roof which needed to be replaced in order to alleviate the leakage problem. He estimated the cost, excluding profit, to be $8,000. Appellee testified that he sought only half the cost of a new roof from appellants because only half of the 20-year life of the roof remained.

1. Appellants contend that the jury's award of $4,000 for damage sustained by the roof cannot stand because there was no evidence that the roof had been inspected prior to the collision to determine whether the metal joists were in proper condition. However, common sense compels the conclusion that the joists were sound before the collision because the roof did not leak before the collision.

Appellants also contend that a collision of a second car with the restaurant was an "intervening circumstance" which negated "clear causation" on the part of appellants. The second crash resulted when a pre-school child, left unattended in a parked car with its motor running, put the stick shift in gear. The car jumped the curb and hit the restaurant window, causing some glass damage which was repaired the same day. The jury was instructed on the law of proximate cause and there was evidence (i.e., testimony of at least one witness that the impact of appellants' car with the building moved the joists) which supported the jury's verdict that found that appellants proximately caused the damage suffered by appellee. The trial court did not err in making the jury's roof damage verdict a part of the judgment.

2. Appellants complain that the award for loss of profits was erroneous because it was speculative and remote. Several witnesses testified that the restaurant looked closed when its shattered plate glass window was boarded up after the crash. Appellee presented evidence of the restaurant's daily sales before, during, and after the period of time the window was boarded up.

"While it is true that the general rule prohibits recovery of expected profits where the jury must base its findings upon mere guesswork, this court has held: 'The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted.' *Ayers v. John B. Daniel Co.*, 35 Ga. App. 511, 512 (133 SE 878) (1926); [Cit.]" *Summerfield v. Decinque*, 143 Ga. App. 351 (2) (238 SE2d 712) (1977). The trier of fact could arrive at a proper measure of damages by comparing the average weekly sales of the restaurant for the period the restaurant was boarded up with the three weeks before the placement of the plywood and the three weeks following its removal. See *Williams v. Adams*,

170 Ga. App. 35 (316 SE2d 1) (1984); *Booker v. J. T. Bickers Realty Co.*, 127 Ga. App. 614 (194 SE2d 490) (1972). "Where the findings of the court are within the range of the testimony, as are the damages in this case, we are indisposed to disturb the judgment of the trial court." *Summerfield v. Decinque,* supra at 353.

3. Appellants also protest the imposition of an award of attorney fees. "Generally, expenses of litigation — including attorney fees, are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense. [OCGA § 13-6-11]." *Ideal Pool Corp. v. Champion,* 157 Ga. App. 380, 383 (277 SE2d 753) (1981). In his complaint, appellee sought the award based on appellants' alleged stubborn litigiousness. At trial, the evidence of stubborn litigiousness consisted of the mechanic's post-collision report on the condition of the brakes. The report, dated August 22, 1981, stated "brake system real bad." The parties stipulated that the condition of the car had not changed from the time Angela Johnston had stepped on the brake in front of the restaurant until the day the mechanic inspected the car. Appellee maintained that appellants had persisted in the defense of this lawsuit despite the fact that their mechanic had found the car's braking system to be in bad shape. At trial, on cross-examination, the mechanic stated that the brakes' condition could have been the result of a sudden loss of brake fluid, a theory which supported appellants' defense of sudden, unforeseen brake failure. There being a bona fide controversy, stubborn litigiousness was negated (*Dimambro Northend Assoc. v. Williams,* 169 Ga. App. 219 (6) (312 SE2d 386) (1983)), and the award of attorney fees was not supported by evidence statutorily required. See OCGA § 13-6-11. Therefore, that award must be stricken from the judgment.

4. In light of our holding in Division 3, appellee's motion under OCGA § 5-6-6 for damages for frivolous appeal is denied.

*Judgment affirmed with direction that the award of attorney fees be deleted. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1985.

*Edward L. Savell, Benjamin H. Terry,* for appellants.
*John E. Sawhill III,* for appellee.