## A06A0172. THE PEP BOYS — MANNY, MOE & JACK, INC. et al. v. YAHYAPOUR.

(632 SE2d 385)

MIKELL, Judge.

The Pep Boys — Manny, Moe & Jack, Inc. ("Pep Boys"), and Hector Soto appeal the judgment entered on the jury's verdict of $504,000 in this personal injury action filed by Gholamreza Yahyapour ("plaintiff"). We affirm.

1. Plaintiff's motion for frivolous appeal damages is denied.

2. In multiple enumerations of error, appellants assert that the trial court "effectively denied" their motions for a directed verdict on the issues of agency and lost earnings by failing to issue a ruling on the motions. The record shows that the trial court reserved ruling on the motions and that appellants never renewed the motions at the close of all the evidence or sought to invoke a ruling before the case was submitted to the jury. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver."[1]

However, we do not agree with the plaintiff that appellants have presented this Court with nothing to review by failing to obtain a ruling on their motions. Appellants' enumerations of error also assert that there was no evidence to support the verdict against them or to support a verdict for lost income. Challenges to the sufficiency of the evidence "may be considered on appeal pursuant to OCGA § 5-6-36 (a), which provides that 'the entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court.' "[2] Therefore, we consider the merits of the evidentiary challenges.

3. Appellants first assert that no evidence was presented to show that Soto was the driver of the vehicle with which plaintiff collided. We disagree.

The plaintiff testified that during the early afternoon of December 3, 2001, he was driving north on Buford Highway when all of a sudden, a pickup truck pulled out of a street on his right side and entered the middle of the highway in order to make a left turn. The plaintiff testified that where the accident occurred, Buford Highway consists of five lanes, two northbound, two southbound, and one middle turn lane. He tried to avoid hitting the cabin of the pickup

---

[1] (Citations and punctuation omitted.) *Bell v. Owens*, 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998) (failure to renew motion for directed verdict as to availability of punitive damages waives issue on appeal).

[2] (Punctuation omitted.) *California Fed. S & L Assn. v. Hudson*, 185 Ga. App. 384, 386-387 (2) (364 SE2d 582) (1987).

truck so as not to injure the driver and in the process, struck the bed of the truck, causing his car to hit a pole on the side of the road. The air bag exploded, and the plaintiff became dizzy. Smoke started coming out of the hood of the car, and, according to the plaintiff, "that Pep Boys driver was trying to open the door and take me out."

Although the plaintiff did not identify Soto as "that Pep Boys driver," a traffic citation issued to Soto on December 3, 2001, at 2:05 p.m. was introduced into evidence without objection. The officer cited Soto for violating OCGA § 40-6-71 by "failure to yield — turning left," and the citation reflected that Soto was driving a 1998 Ford Ranger on Buford Highway and that there had been an accident. This evidence, though circumstantial, is sufficient to show that Soto was the driver of the truck with which the plaintiff collided.

Moreover, the evidence shows that the citation was resolved by the entry of a bond forfeiture.

> Where a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited.[3]

"In these circumstances, plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence. . . . In a civil case this admission of guilt is conclusive if unrebutted."[4] Soto did not appear at the trial of this personal action; thus his negligence is unrebutted and is conclusive.

4. Appellants next contend that the verdict against Pep Boys cannot stand because there was no evidence presented at trial that Soto was acting within the scope of his employment at the time of the collision. We disagree.

> It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. Once this presumption arises the burden then shifts to the employer to rebut the

---

[3] OCGA § 40-13-58.

[4] (Citations and punctuation omitted.) *Coleman v. Fortner*, 260 Ga. App. 373, 374-375 (1) (a) (579 SE2d 792) (2003).

presumption by evidence that is clear, positive and uncontradicted and that shows the servant was not in the scope of his employment.[5]

In this case, the trial court ruled that appellants had admitted that the truck involved in the collision was owned by Pep Boys. This ruling has not been appealed. Thus, the only question is whether there was evidence presented that Soto was employed by Pep Boys at the time he was operating the truck. In this regard, the plaintiff testified without objection that the driver of the truck, Soto, told the police officer at the scene that "he works for Pep Boys as a delivery truck person. He delivers parts for mechanic shop [sic] and dealers." Plaintiff also testified that "someone" apologized to him profusely.

Appellants assert for the first time on appeal that the plaintiff's testimony as to Soto's declaration was inadmissible hearsay. They rely on the following rule:

The declaration of an agent is not competent to prove the agency unless it accompanies the transaction or is a part of the res gestae *and* there is other evidence, direct or circumstantial, which tends to prove the agency, in which event such declaration is admissible in corroboration. Such declaration as to agency, where not a part of the res gestae or accompanying the transaction *and* in corroboration of other evidence or circumstances tending to prove the agency, is hearsay and is of no probative value, whether objected to or not.[6]

In accordance with the above-cited rule, appellants are correct that this issue has not been waived by their failure to raise it at trial. As they admit that the statement was part of the res gestae, the dispositive question is whether the record contains circumstantial evidence tending to prove the agency. Agency can be determined by "proof of circumstances, apparent relations, and the conduct of the parties."[7] In his earlier testimony, to which appellants did not object, the plaintiff called Soto "that Pep Boys driver." The jury could have inferred from this testimony that Soto was employed by Pep Boys at

[5] (Citations and punctuation omitted.) *Intl. Business Machines v. Bozardt*, 156 Ga. App. 794-795 (275 SE2d 376) (1980). Accord *Royal Ins. Co. of America v. Fisher*, 238 Ga. App. 595, 596 (1) (519 SE2d 713) (1999); *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882-883 (456 SE2d 245) (1995); *Braddy v. Collins Plumbing & Constr.*, 204 Ga. App. 862, 864 (420 SE2d 806) (1992).

[6] (Citations and punctuation omitted; emphasis in original.) *de la Gonzalez v. Krystal Co.*, 173 Ga. App. 574, 576 (3) (327 SE2d 546) (1985).

[7] (Citations and punctuation omitted.) *Chrostowski v. G & MSS Trucking*, 198 Ga. App. 140, 143 (2) (401 SE2d 53) (1990).

the relevant time. This was sufficient to corroborate Soto's declaration and render the statement admissible. Finally, we note that no representative of Pep Boys appeared at trial, other than its counsel. Accordingly, Pep Boys failed to rebut the presumption that Soto was acting within the scope of his employment when he collided with the plaintiff.

Cases cited by appellants for the proposition that no agency was shown are distinguishable on their facts. In *de la Gonzalez v. Krystal Co.*,[8] the defendant security guard did not admit employment by the company, so that his declaration was not probative. In *Johnson v. Webb-Crawford Co.*,[9] plaintiff testified only that he had seen the driver working at the defendant's place of business loading trucks in the past.[10] In *Bell v. Washam*,[11] the plaintiff testified that she heard the other driver tell the investigating officer that "he was driving the truck for Alton Bell, who owned it."[12] Nothing was said concerning the precise nature of the driver's employment, as was in the case at bar. Accordingly, these cases do not warrant reversal.

5. Finally, appellants complain that there is insufficient evidence of lost income to support the verdict. If the verdict had been apportioned, and damages had been specifically awarded for lost income, we might have a basis upon which to review this contention. However, here, in entering its general verdict, the jury did not segregate how much of its lump sum award was attributable to pain and suffering, present or future medical expenses, or to lost wages. Therefore, it is impossible to say that the jury included lost wages in its award, as appellants now claim. Further, appellants did not request an apportionment of the damages or object to the form of the verdict. Therefore, they have waived any possible irregularity.[13]

Moreover, the lump sum verdict of $504,000 was within the range of the evidence, even excluding lost wages. Dr. John Paul Reeve, a chiropractor, testified the accident caused plaintiff an "extreme" amount of pain in his lower back, among other injuries. As a result, Reeve testified, the plaintiff underwent back surgery to fuse two lumbar vertebrae together. Reeve produced x-rays showing the plaintiff's back after the procedure, including the "large screw . . .

---

[8] Supra at 575-576 (3). See also *Fuller v. Charter South*, 216 Ga. App. 211, 212-213 (1) (453 SE2d 754) (1995) (no evidence truck belonged to company).

[9] 89 Ga. App. 524 (80 SE2d 63) (1954).

[10] Id. at 527.

[11] 82 Ga. App. 63 (60 SE2d 408) (1950).

[12] (Punctuation omitted.) Id. at 64.

[13] See *Setliff v. Littleton*, 264 Ga. App. 711, 713 (1) (592 SE2d 180) (2003); *Gipson v. Phillips*, 232 Ga. App. 235, 236 (501 SE2d 570) (1998); *Williams v. Adams*, 170 Ga. App. 35, 36 (1) (316 SE2d 1) (1984); *Summerfield v. DeCinque*, 143 Ga. App. 351, 353 (2) (238 SE2d 712) (1977).

through the vertebrae . . . [and] posterior hardware to hold [it] all together." Reeve testified that the fusion will significantly reduce the plaintiff's range of motion and that he likely will require future surgery. Reeve assessed him a 45 percent permanent partial impairment rating. Further, he recommended future twice a month chiropractic care at $156 per visit.

The plaintiff testified that he used to buy and sell cars at auction but, because of back pain, can now only work about 20 to 25 hours per week. He further testified that he is "very slow" in performing his daily activities. The parties stipulated to the admission of the plaintiff's medical bills, which totaled $107,761.17.

Further, we note that the plaintiff's complete financial picture was presented to the jury. Plaintiff's income tax returns for the years 2001 and 2002, and a bankruptcy petition he filed in 2000, were admitted in evidence; appellants cross-examined him thoroughly as to his earnings and business losses; and appellants read the deposition testimony of plaintiff's accountant into evidence.

> The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted.[14]

Finally, the jury was charged not only that lost earnings must be shown with reasonable certainty, but also that "[t]here must be some evidence before you as to the plaintiff's loss." Therefore, even if, as appellants claim, there was insufficient evidence of lost earnings attributable to the accident, reversal would not be required.[15]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 5, 2006 —
RECONSIDERATION DENIED JUNE 9, 2006.

*Gilliland, Ratz & Browning, Charles A. Ratz, Andrea Bennett, Swift, Currie, McGhee & Hiers, Anandhi S. Rajan, Charles W. Billingsley*, for appellants.
*S. Robert Hahn, Jr.*, for appellee.

---

[14] (Citations and punctuation omitted.) *Summerfield*, supra at 352-353 (2).
[15] *Gipson*, supra; *Williams*, supra at 36-37 (1).